## S01A0940. NELLOMS v. THE STATE.
(549 SE2d 381)

HUNSTEIN, Justice.

This case involves an alleged violation of an accused's constitutional right to a speedy trial. Roger Nelloms was arrested on August 23, 1996 on charges arising out of the shooting death of Anthony Evans and indicted for murder and other crimes on August 29, 1997. Nelloms had earlier been indicted in December 1996 on a charge of influencing a witness based on a September 4, 1996 occurrence. In November 2000 Nelloms moved for discharge and acquittal on the indictments on the basis that his Sixth Amendment right to a speedy trial had been violated. A hearing was held during which the State agreed to make evidentiary stipulations in order to minimize or eliminate certain prejudicial consequences of the four-year delay. Thereafter, the trial court evaluated Nelloms' claim under the balancing test set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) and denied the motion. Although we find the delay in this

case egregious, we agree with the trial court that Nelloms' constitutional right to a speedy trial was not violated and thus we affirm.

Applying the test in *Barker v. Wingo,* supra, we consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. Id. See also *Johnson v. State,* 268 Ga. 416 (2) (490 SE2d 91) (1997). As to the first factor, the 51 months between Nelloms' arrest and the date he filed his motion to dismiss constituted an extraordinary delay which is presumptively prejudicial. See *Doggett v. United States,* 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992) (delay approaching one year is generally deemed presumptively prejudicial); *Perry v. Mitchell,* 253 Ga. 593, 594 (322 SE2d 273) (1984) (delay of more than two years is deplorable). See also *Boseman v. State,* 263 Ga. 730 (1) (a) (438 SE2d 626) (1994). As to the second *Barker* factor, a review of the State's reasons for the delay reveals no valid explanation, such as a missing witness, which would justify the State's failure to bring Nelloms to trial. Instead, it appears that this case was assigned to four different judges and passed from one assistant district attorney after another before the State was prepared to try the case in November 2000. However, there is nothing evidencing "that most serious abuse — 'A deliberate attempt to delay the trial in order to hamper the defense. . . .' *Barker v. Wingo,* supra, 407 U. S. at 531." *Perry,* supra at 594-595. Rather, it appears that the defense shares some responsibility with the prosecution for the delay in this case. This is reflected in particular by the following items: the defense filed a motion for a psychiatric examination in December 1997, sixteen months after Nelloms' arrest, with the report returned in late March 1998; in May 1998 the defense opted to proceed under the discovery procedures set forth in OCGA § 17-16-1 et seq. with extensive discovery continuing throughout 1998 and filed at least one motion for a continuance; and, despite announcing ready at trial calendar dates in May, June, August,[1] September and October 1998, the defense filed ex parte motions for investigative funds in June and October of 1998 and was granted funds for an investigator to locate witnesses in support of a justification defense in late October 1998. Finally, we note that defense counsel sought leaves of absence in 1999 for dates in April, May, June, August and October. These actions by the defense clearly contributed to the 51 month delay in bringing Nelloms to trial. "Thus, to the extent the reason for delay is attributable to the state, it is a relatively benign but definitely negative factor." *Perry,*

---

[1] We note that while defense counsel stated in her place during the hearing on Nelloms' motion that she had announced ready at the August 17, 1998 trial calendar, the record establishes that the trial court had earlier granted a defense motion for continuance specifically for that trial calendar.

supra at 595.

Delay often works to a defendant's advantage. Id. This consideration plays into the third factor, i.e., the assertion of the right to a speedy trial. This factor " 'is entitled to strong evidentiary weight' against the defendant, [cit.]" id., where, as here, Nelloms filed no statutory demand for speedy trial pursuant to OCGA § 17-7-171 and did not raise his constitutional right to a speedy trial for the 51 months between his arrest and the filing of his motion to dismiss, in which he finally asserted the right. This delay in asserting his right to a speedy trial must be weighted against Nelloms. *Boseman*, supra, 263 Ga. at 733 (1) (c).

In evaluating the final *Barker v. Wingo* factor, prejudice to the defendant, we consider three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired. *Boseman*, supra, 263 Ga. at 733 (1) (d). Here, Nelloms has been free on bail so there has been no oppressive pretrial incarceration and he has not made a showing of any specific anxiety or concern which would balance this factor in his favor. See id. Nelloms' claim rests on his assertion that his defense has been impaired because he can no longer find three of the four witnesses investigators located in 1998 who would have supported Nelloms' justification defense with testimony regarding the victim's prior acts of violence. Recognizing the potential harm this represented to Nelloms, the trial court obtained the State's stipulation that the prosecution will not object to defense argument to the jury regarding these prior instances of violence by the victim should Nelloms make a prima facie case of justification at trial. We agree with the trial court that by obtaining this stipulation, the trial court alleviated the prejudice alleged by Nelloms. No other actual specific prejudice to the defense has been demonstrated.

We bear in mind that none of the above factors is either a necessary or sufficient condition to a finding of a deprivation of the right to a speedy trial, and that all of the factors should be considered together in a balancing test of the conduct of the prosecution and Nelloms. *Boseman*, supra, 263 Ga. at 731 (1). Balancing the foregoing factors, particularly that Nelloms suffered no impairment to his defense and that he waited 51 months before asserting his right to a speedy trial, we conclude that the trial court properly ruled that Nelloms could not prevail on his claim that he was denied his constitutional right to a speedy trial. Id. at 734 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 2001 —
RECONSIDERATION DENIED JULY 27, 2001.

*Dwight L. Thomas*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Kimberly A. Staten-Hayes, Assistant District Attorneys*, for appellee.