## A04A0180. WATKINS v. THE STATE.
### (600 SE2d 747)

PHIPPS, Judge.

Armond Anthony Watkins appeals the trial court's denial of his motion to dismiss charges against him, maintaining that his Sixth Amendment right to a speedy trial has been violated. Because Watkins has not shown that the trial court abused its discretion in denying the motion, we affirm.

In May 1999, Watkins was arrested for committing sexual acts against H. W. He was released on bond within three days. The next month, Watkins was arrested for committing sexual acts against H. W.'s sister, T. W. He was released on bond the same day he was arrested.

In July 2001, Watkins was indicted for committing aggravated sexual battery and child molestation against both H. W. and T. W. between February 12, 1999, and April 6, 1999, when the children were three and five years old, respectively. In December 2002, Watkins moved to dismiss the charges, arguing that the three-and-a-half year delay since his initial arrest in 1999 deprived him of his right to a speedy trial. Following an evidentiary hearing, the court denied his motion.

On appeal, Watkins contends that the trial court erred in denying his motion. This court reviews the denial of a defendant's motion

arguing that his right to a speedy trial has been violated for abuse of discretion.[1]

The appropriate analysis is found in *Barker v. Wingo*,[2] where the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial has been violated: (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant.[3] No single factor is either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial; rather, "the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant."[4] We apply this analysis to this case.

a. *The length of the delay.* Here, where the post-indictment time period exceeded one year, the delay is considered "presumptively prejudicial," which "does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry."[5] Because the delay in this case is deemed presumptively prejudicial, we analyze the remaining factors.

b. *The reason for the delay.* At the hearing, the state attributed part of the *pre*-indictment delay to its investigative work. Further, it asserted, a portion of the *post*-indictment delay was due to Watkins' counsel's inability to attend the call of the trial calender in July 2002. But there is no explanation for a significant portion of the delay; and where no reason for delay appears, we must treat that delay as caused by the state's negligence — a reason that weights this factor against the state.[6] However, there is no evidence of "[a] deliberate attempt to delay the trial in order to hamper the defense."[7] "Thus, to the extent the reason for delay is attributable to the state, it is a relatively benign but definitely negative factor."[8]

c. *The defendant's assertion of his right to a speedy trial.* In analyzing this factor, we consider the fact that "[d]elay often works to a defendant's advantage."[9] Where as here, the defendant filed no

---

[1] *Beasley v. State*, 260 Ga. App. 74, 75 (579 SE2d 19) (2003).

[2] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[3] Id. at 530.

[4] (Citation omitted.) *Boseman v. State*, 263 Ga. 730, 731-732 (1) (438 SE2d 626) (1994).

[5] (Citation omitted.) *Doggett v. United States*, 505 U. S. 647, 652 (II), n. 1 (112 SC 2686, 120 LE2d 520) (1992); *Boseman*, supra at 732 (1) (a); compare *Jackson v. State*, 272 Ga. 782, 787 (534 SE2d 796) (2000).

[6] *Boseman*, supra at 733 (1) (b).

[7] (Citation and punctuation omitted.) *Nelloms v. State*, 274 Ga. 179, 180 (549 SE2d 381) (2001), citing *Barker*, supra at 531.

[8] (Citation and punctuation omitted.) *Nelloms*, supra at 180-181; *Beasley*, supra at 76 (b).

[9] (Citation omitted.) *Nelloms*, supra at 181.

statutory demand for speedy trial[10] and did not raise his constitutional right to a speedy trial during the 42 months between his arrest and the filing of his motion to dismiss, in which he finally asserted that right, this factor "is entitled to strong evidentiary weight" against the defendant.[11]

d. *The prejudice to the defendant.* This factor requires a court to consider

> three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.[12]

"[T]o weight the prejudice factor in the defendant's favor, he or she must offer specific evidence that one or more of these interests apply."[13]

Watkins makes no claim regarding the first of these interests. The record shows that Watkins was incarcerated for a few days and otherwise released on bond; thus, the record shows no oppressive pretrial incarceration.[14]

As for the second interest, to minimize anxiety and concern of the accused, " 'it is always present to some extent, and thus absent some unusual showing is not likely to be determinative in defendant's favor.' "[15] Watkins testified at the motion hearing that the charges have caused him to suffer mental anguish. He also stated that the case had hurt him economically, explaining "I haven't been able to go out of state because I've been on bond, so I had to turn a lot of [job opportunities] down." This court has recognized that "[a]rrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment. . . ."[16] As such general burdens are "always present to some extent," they fall short of establishing "some unusual showing" that would balance this factor significantly, if at all, in Watkins' favor.[17]

---

[10] See OCGA § 17-7-171.

[11] (Citation and punctuation omitted.) *Nelloms,* supra; see also *Boseman,* supra at 733 (1) (c).

[12] (Citation and punctuation omitted.) *Boseman,* supra at 732 (1).

[13] (Footnote omitted.) *Jackson,* supra at 783.

[14] See *Tripp v. State,* 276 Ga. 104, 105 (575 SE2d 507) (2003).

[15] (Citations omitted.) *Boseman,* supra at 733 (1) (d).

[16] (Citation and punctuation omitted.) *Andrews v. State,* 175 Ga. App. 22, 25 (332 SE2d 299) (1985).

[17] (Citations and punctuation omitted.) *Mullinax v. State,* 273 Ga. 756, 759 (2) (545 SE2d 891) (2001); *Jackson,* supra at 786.

Moreover, "[w]hile the minimization of a defendant's anxiety and concern is a factor to be considered in determining prejudice, the broader concern is actual prejudice to the conduct of the defense."[18]

Regarding the third interest, Watkins first argues that the delay "effectively deprived [him] of his right to challenge the victims' competency" because the children have gained years of maturity, asserting that they are now "much more articulate" and thus will be "far more capable on the witness stand." But in criminal cases, "a child is automatically competent to testify as the victim of acts of molestation."[19] Thus, Watkins has shown no prejudice based on his assertion that the child victims were more vulnerable to a competency challenge when they were younger.

Watkins next argues that his defense was impaired because "any witnesses who might have been alibi witnesses are now deceased or unavailable." At the motion hearing, Watkins testified that he had been having a difficult time recalling his whereabouts during the time in question, but recalled spending "a whole lot of time with [an aunt during] that period," who had died about ten months before the hearing. Watkins also claimed that he had lost contact with "people" who had moved out of the state during the pertinent period. Although Watkins may have spent a considerable amount of time with these individuals, his speculation that they "might have been alibi witnesses" falls short of "specific evidence" to weight this factor in his favor.[20] Furthermore, with regard to the out-of-state individuals, there is no evidence Watkins lost contact with them due to the delay. Because the death of Watkins' aunt and his loss of contact with various individuals demonstrates no actual prejudice to his defense, the fourth *Barker* factor is weighted against him.[21]

Balancing the state's negligent delay in bringing Watkins to trial against his failure to assert timely his Sixth Amendment right to a speedy trial and his failure to show that the delay impaired his defense, we conclude that the trial court did not abuse its discretion in denying Watkins' motion to dismiss the charges for lack of a speedy trial.[22]

---

[18] (Citations and punctuation omitted.) *State v. Auerswald*, 198 Ga. App. 183, 185 (4) (401 SE2d 27) (1990).

[19] *Woodruff v. Woodruff*, 272 Ga. 485, 487 (1) (531 SE2d 714) (2000); see also *Gibby v. State*, 213 Ga. App. 20, 22 (2) (d) (443 SE2d 852) (1994); OCGA § 24-9-5 (b).

[20] See *Thomas v. State*, 274 Ga. 492, 495 (555 SE2d 693) (2001) (defendant's bare assertion that the delay has substantially impaired his ability to locate unnamed "essential" defense witnesses is insufficient to support claim of impairment of his defense); *Nairon v. State*, 215 Ga. App. 76, 77 (1) (d) (449 SE2d 634) (1994); *Jackson v. State*, 202 Ga. App. 582, 585 (1) (414 SE2d 905) (1992).

[21] See *Thomas*, supra; *Mullinax*, supra at 759-760; *Nairon*, supra.

[22] See *Smith v. State*, 275 Ga. 261, 263-264 (564 SE2d 441) (2002); *Nelloms*, supra at 181; *Boseman*, supra at 734.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 4, 2004.

*Jeffrey W. Cofer,* for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Alvera A. Wheeler, Assistant District Attorneys,* for appellee.