## A10A1025. FERGUSON v. THE STATE.
(693 SE2d 578)

BLACKBURN, Presiding Judge.

Following an evidentiary hearing, Eric Ferguson appeals the trial court's order denying his motion to dismiss, which motion had asserted a violation of his speedy trial rights under the Sixth Amendment because of a 28-month delay between his arrest and the ruling on his motion to dismiss. The trial court found that he had not asserted his speedy trial right until the eve of trial and that he had

---

342

shown no prejudice to his defense caused by the delay. Discerning no abuse of discretion in the trial court's ruling, we affirm.

The undisputed facts show that on May 11, 2006, Ferguson was arrested for child molestation arising out of actions he allegedly took involving a 14-year-old girl between August and October 2005. Represented by counsel, Ferguson immediately bonded out. The State indicted him and another man for child molestation[1] on January 14, 2008, and Ferguson in March 2008 moved to sever his trial from the trial of the co-defendant, which motion was granted by consent in April 2008. As trial approached, Ferguson in August 2008 moved to dismiss the charges on the ground that his speedy trial rights under the Sixth Amendment had been violated by the delay since his arrest. Following an evidentiary hearing on the matter on September 9, 2008, the trial court on September 11 denied the motion based on its analysis of the relevant factors. Ferguson appeals.

Based on *Barker v. Wingo*[2] and *Doggett v. United States*,[3] a court should engage in a two-stage analysis when considering an accused's motion to dismiss that asserts an alleged violation of his Sixth Amendment right to a speedy trial.

> In the first stage of the analysis, the court must determine whether the pretrial delay is sufficiently long to be considered presumptively prejudicial. The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation [whichever comes first — see *Boseman v. State*[4]] to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion. If the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.

(Citations and punctuation omitted.) *West v. State*.[5] As an appellate court, we review the trial court's denial of a motion to dismiss an indictment on speedy trial grounds for abuse of discretion and defer to the trial court's findings of fact and its weighing of disputed facts.

---

[1] OCGA § 16-6-4 (a) (1).
[2] *Barker v. Wingo*, 407 U. S. 514, 530-533 (IV) (92 SC 2182, 33 LE2d 101) (1972).
[3] *Doggett v. United States*, 505 U. S. 647, 651-654 (II) (112 SC 2686, 120 LE2d 520) (1992).
[4] *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).
[5] *West v. State*, 295 Ga. App. 15, 16 (670 SE2d 833) (2008).

Id. at 17 (B). See *State v. White*.[6]

1. *Presumptive Prejudice*. The record shows that 28 months elapsed from the time of Ferguson's May 2006 arrest until the court ruled on his speedy trial motion in September 2008. As the State concedes, such a delay in the prosecution of this case raised a threshold presumption of prejudice. See *State v. Reid*[7] ("[a]s the delay approaches one year[,] it generally is presumptively prejudicial") (punctuation omitted). Accordingly, we proceed to the second stage of the constitutional speedy trial analysis and consider the four-factor balancing test.

2. *Barker-Doggett Balancing Test*.

> The four factors that form the core of the constitutional speedy trial balancing test are: (1) whether the delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted the right to a speedy trial, and (4) whether he or she suffered prejudice as the delay's result. None of the *Barker-Doggett* factors is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. The four factors emphasized in *Barker* and *Doggett* do not constitute an exhaustive list; they have no talismanic qualities and must be considered together with such other circumstances as may be relevant given the animating principles behind the speedy trial guarantee. Thus, the second stage of the constitutional speedy trial analysis requires courts to engage in a difficult and sensitive balancing process and necessarily compels them to approach speedy trial cases on an ad hoc basis.

(Citations and punctuation omitted.) *West*, supra, 295 Ga. App. at 16-17 (B).

(a) *Whether the delay before trial was uncommonly long*. As the State concedes, a 28-month delay in bringing a defendant to trial on child molestation charges is uncommonly long. The record shows that the trial court properly weighed this factor against the State. See *West*, supra, 295 Ga. App. at 17 (B) (1).

(b) *Whether the government or the criminal defendant is more to blame for the delay*. Once again, the State concedes that it was at fault for the delay, although the State does point out that during this delay,

---

[6] *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008).

[7] *State v. Reid*, 298 Ga. App. 235, 238 (2) (a) (679 SE2d 802) (2009).

one of its primary investigators on the case had died unexpectedly, and its lead prosecutor had taken off ten weeks for maternity leave. Because there was no evidence that the State deliberately attempted to delay the trial in order to hamper the defense, this unintentional delay caused by the State's negligence in allowing this case to languish is a negative that may be considered relatively benign and weighed more lightly than deliberate action by the State to harm the defense. *West*, supra, 295 Ga. App. at 17 (B) (2). Thus, the trial court appropriately exercised its discretion to weigh this factor relatively benignly against the State. See *Perry v. Mitchell*[8] (27-month delay — even where the defendant remained in jail — was properly weighed as a relatively benign factor against the State). Compare *Grizzard v. State*[9] (protractedness of eight-year delay weighed heavily against the State).

(c) *Whether, in due course, the defendant asserted the right to a speedy trial.* Although a request for a speedy trial is not a prerequisite to a plea in bar based on constitutional speedy trial grounds, the defendant's assertion of or failure to assert his right to a speedy trial is certainly a factor to be considered. *Barker*, supra, 407 U. S. at 528 (III). "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Punctuation omitted.) *Frazier v. State*.[10] Indeed, the "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, supra, 407 U. S. at 532 (IV). A court will weigh this factor heavily against the defendant particularly where the defendant, who has been represented by counsel since soon after his arrest (*Moore v. State*[11]) and who does not raise the speedy trial issue until filing a motion to dismiss just before trial. See *Thomas v. State*;[12] *Frazier*, supra, 277 Ga. App. at 882 (c); *Nusser v. State*.[13]

In this case, Ferguson never filed a statutory demand for speedy trial pursuant to OCGA § 17-7-170 and only raised his constitutional right to a speedy trial in a motion to dismiss on that basis filed on the eve of trial more than 27 months after his arrest. "This third factor must weigh strongly against [Ferguson] because he did not raise his constitutional right to a speedy trial during the period between his arrest and the filing of his motion to dismiss." *Frazier*, supra, 277 Ga. App. at 882 (c). See *Lambert v. State*.[14]

---

[8] *Perry v. Mitchell*, 253 Ga. 593, 594-595 (322 SE2d 273) (1984).

[9] *Grizzard v. State*, 301 Ga. App. 613, 616 (2) (b) (688 SE2d 402) (2009).

[10] *Frazier v. State*, 277 Ga. App. 881, 882 (c) (627 SE2d 894) (2006).

[11] *Moore v. State*, 294 Ga. App. 570, 573 (1) (c) (669 SE2d 498) (2008).

[12] *Thomas v. State*, 296 Ga. App. 231, 235 (2) (c) (674 SE2d 96) (2009).

[13] *Nusser v. State*, 275 Ga. App. 896, 898 (622 SE2d 105) (2005).

[14] *Lambert v. State*, 302 Ga. App. 573, 576 (3) (692 SE2d 15) (2010).

Ferguson claims that when he moved to sever his trial from that of his co-defendant in March 2008, the pursuance of this motion constituted an assertion of his right to a speedy trial. Beyond the fact that Ferguson cites no authority for this proposition, we note that even the filing of a demand for a jury trial "does not invoke either a constitutional or statutory right to a speedy trial." (Punctuation omitted.) *Nusser*, supra, 275 Ga. App. at 899. Nor does the appearance of a defendant for trial with the announcement of "ready" constitute such an invocation. *Grizzard*, supra, 301 Ga. App. at 616 (2) (c). Similarly, we hold here that moving to sever the trial of a co-defendant does not invoke either a constitutional or statutory right to a speedy trial.

(d) *Whether the defendant suffered prejudice as a result of the delay.* In evaluating the final *Barker-Doggett* factor, "we consider three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." *Nelloms v. State.*[15] Focusing only on the third interest,[16] Ferguson claims that a woman whom he had been dating during the time period of the alleged molestation could possibly have given him a partial alibi, and that he could not find this woman now because she had moved out of state and because he could no longer get anyone on her cell phone number.

"[T]o establish prejudice, the defendant must show . . . *specific evidence* of how the delay impaired his ability to defend himself." (Punctuation omitted; emphasis in original.) *Mullinax v. State.*[17] If the defendant's argument is that a witness has become unavailable, he "must show that the unavailable witness[ ] could supply material evidence for the defense." (Punctuation omitted.) *Lynch v. State.*[18]

Evidence supported the court's finding that Ferguson failed to make these showings. First, the woman had moved from the State *before* Ferguson was even arrested, thus minimizing the effect of any delay in the period following his arrest until his motion to dismiss. He made no subsequent efforts to contact her through her family or employer. Second, based on his testimony and the finding of the trial court, Ferguson did not live with this woman but merely spent two nights a week with her during the period in question. She obviously could not account for his whereabouts during the entire period, nor could Ferguson offer specific evidence of what her testimony might

---

[15] *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).

[16] Ferguson has not shown oppressive pretrial incarceration because he has been free on bail, nor has he attempted to show any specific anxiety or concern because of the delay.

[17] *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001).

[18] *Lynch v. State*, 300 Ga. App. 723, 725 (1) (d) (686 SE2d 268) (2009).

be; indeed, he had not even given her name to the police investigators as a possible alibi witness. Based on similar circumstances, we held in *Watkins v. State*:[19]

> Although [defendant] may have spent a considerable amount of time with these individuals, his speculation that they "might have been alibi witnesses" falls short of "specific evidence" to weight this factor in his favor. Furthermore, with regard to the out-of-state individuals, there is no evidence [defendant] lost contact with them due to the delay. Because . . . his loss of contact with various individuals demonstrates no actual prejudice to his defense, the fourth *Barker* factor is weighted against him.

(Footnotes omitted.) Compare *Ditman v. State*[20] (counsel testified that missing female witness told counsel that she had never seen any signs of child abuse and that she could corroborate that defendant was not around during portion of time that alleged abuse occurred; evidence also showed that police, despite best efforts, could not locate witness in order to execute arrest warrant).

For these reasons, the trial court did not abuse its discretion in weighing the fourth factor against Ferguson.

(e) *Balancing the factors.* As we stated in *Falagian v. State*:[21]

> Although we do not condone the State's delay in bringing [defendant's] case to trial, [defendant's] late assertion of his constitutional right to a speedy trial weighs heavily against him as does his failure to show prejudice in light of such delay. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying [defendant's] motion to dismiss.

"This is particularly true where, as here, there is no evidence that the delay was the result of a deliberate attempt by the State to hamper the defense." (Punctuation omitted.) *Parker v. State*.[22] See *Wofford v. State*.[23]

Discerning no abuse of discretion, we affirm the trial court's ruling denying Ferguson's motion to dismiss.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

---

[19] *Watkins v. State*, 267 Ga. App. 684, 687 (d) (600 SE2d 747) (2004).

[20] *Ditman v. State*, 301 Ga. App. 187, 195 (2) (d) (687 SE2d 155) (2009).

[21] *Falagian v. State*, 300 Ga. App. 187, 190 (1) (e) (684 SE2d 340) (2009).

[22] *Parker v. State*, 283 Ga. App. 714, 719-720 (1) (e) (642 SE2d 111) (2007).

[23] *Wofford v. State*, 299 Ga. App. 129, 132 (4) (682 SE2d 125) (2009).

DECIDED APRIL 1, 2010.

*Larry L. Duttweiler*, for appellant.
*Lee Darragh, District Attorney, Kelley M. Robertson, Assistant District Attorney*, for appellee.