## A11A0739. WEEMS v. THE STATE.
(714 SE2d 119)

DILLARD, Judge.

David Lee Weems was arrested for child molestation and aggravated sexual battery. After 38 months had passed, Weems filed a plea in bar and motion to dismiss the indictment based on a violation of his constitutional right to a speedy trial. Weems now appeals the trial court's order denying his motion, arguing that the court erred in ruling that his right to a speedy trial had not been violated by the State. For the reasons noted infra, we affirm.

The record shows that Weems was arrested on July 28, 2007, by Paulding County authorities on charges of child molestation and aggravated sexual assault for the molestation of his four-year-old granddaughter. Shortly thereafter, he acquired counsel and was released on bond on August 30, 2007. On October 6, 2009, he was indicted by a Paulding County Grand Jury for aggravated sexual battery and child molestation. Weems waived his arraignment on November 2, 2009, and discovery was served and provided to him on July 20, 2010, based on his election to proceed under the reciprocal discovery statute.[1]

On October 5, 2010, the morning of the calendar call for his trial, Weems filed a plea in bar and motion to dismiss, contending that his constitutional right to a speedy trial had been violated. A hearing on the motion was then held on November 16, 2010, during which Weems and his wife testified regarding the alleged anxiety Weems suffered as a result of the charges. Additionally, one of the State's prosecutors testified regarding the State's backlog of cases and identifying same as the cause for the delay in bringing Weems's case to trial. On November 29, 2010, the trial court denied Weems's motion. This appeal follows.[2]

In his sole enumeration of error, Weems contends that the trial court erred in denying his plea in bar and motion to dismiss based on the State's alleged failure to provide him a speedy trial. We disagree.

The United States and Georgia Constitutions both guarantee a

---

[1] OCGA § 17-16-1 *et seq.*

[2] A defendant may directly appeal from the pretrial denial of a speedy trial claim. *Callaway v. State*, 275 Ga. 332, 333 (1) (567 SE2d 13) (2002).

criminal defendant the right to a speedy trial[3] and "[t]hese rights attach at the time of arrest or when formal charges are brought, whichever is earlier."[4] The test for determining whether the constitutional right to a speedy trial has been violated is set forth in *Barker v. Wingo*[5] and clarified further in *Doggett v. United States*.[6]

The *Barker-Doggett* test consists of a two-stage analysis. In the first stage of the analysis, "the court must determine whether the pretrial delay is sufficiently long to be considered presumptively prejudicial."[7] The pretrial delay is measured from the arrest of the accused or initial formal accusation brought against the accused to the beginning of the trial.[8] In a case where the accused has filed a motion to dismiss the indictment, the delay is measured from the initial formal accusation to the time the trial court denies the motion.[9] And if the trial court finds that the delay has passed the point of presumptive prejudice, it must then engage in the second stage of the analysis, which requires the court to carefully balance four factors to determine if the accused has been deprived of his or her constitutional right to a speedy trial.[10] The four factors that comprise the second stage of the *Barker-Doggett* test are

> (i) whether [the] delay before trial was uncommonly long, (ii) whether the government or the criminal defendant is more to blame for that delay, (iii) whether, in due course, the defendant asserted the right to a speedy trial, and (iv) whether he or she suffered prejudice as the delay's result.[11]

These factors "do not constitute an exhaustive list; they have no talismanic qualities and must be considered together with such other circumstances as may be relevant given the animating principles behind the speedy trial guarantee."[12] Indeed, when employing these factors, a court must engage in a difficult and context-sensitive balancing process tailored to the unique circumstances of the case at

---

[3] U. S. Const. amend. VI; Ga. Const. (1983) art. I, § 1, ¶ XI (a).

[4] *Disharoon v. State*, 288 Ga. App. 1, 2 (1) (652 SE2d 902) (2007) (citation and punctuation omitted).

[5] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[6] 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992).

[7] *Ferguson v. State*, 303 Ga. App. 341, 342 (693 SE2d 578) (2010) (citation and punctuation omitted).

[8] *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

[9] *Ferguson*, 303 Ga. App. at 342.

[10] *West v. State*, 295 Ga. App. 15, 16 (670 SE2d 833) (2008).

[11] *Teasley v. State*, 307 Ga. App. 153, 157 (2) (704 SE2d 248) (2010) (citation and punctuation omitted).

[12] *Ferguson*, 303 Ga. App. at 343 (2) (citation and punctuation omitted).

hand.[13] Furthermore, "we review the trial court's denial of a motion to dismiss an indictment on speedy trial grounds for abuse of discretion and defer to the trial court's findings of fact and its weighing of disputed facts."[14]

1. *Presumptive Prejudice*. Here, the record shows that 40 months elapsed between Weems's arrest on July 28, 2007, and the trial court's ruling on his motion to dismiss on November 29, 2010. The trial court correctly found, and the State concedes, that this 40-month delay raised a threshold presumption of prejudice. Indeed, as a delay approaches one year, it generally is presumptively prejudicial.[15] As a result, the trial court proceeded to the second stage of the analysis, which we will now review.

2. *The Barker-Doggett Balancing Test.*

(a) *Whether the delay was uncommonly long*. When addressing the first factor of the *Barker-Doggett* test, the length of delay plays a different role than in the first stage of this analysis and is not given the same degree of weight. Rather, the length of delay is considered in balance with the three other factors.[16] Nevertheless, Weems contends that the trial court erred in weighing the pretrial delay only slightly against the State and argues that because the length is presumptively prejudicial, this factor should be weighed heavily against the State. However, "presumptive prejudice simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry."[17] Indeed, "[t]he mere passage of time is not enough[, without more,] to constitute a denial of due process."[18] And here, the trial court found that Weems "fail[ed] to show that the delay was purposeful on the part of the [S]tate or that he was harmed by the loss of evidence."[19] In fact, Weems does not contend that he was injured by a purposeful delay or a loss of evidence. Accordingly, the trial court did not abuse its discretion in weighing the length of the delay only slightly against the State.

(b) *Whether the government or the defendant was more to blame*

---

[13] *Id.*

[14] *Id.* at 342 (citation omitted).

[15] *Ferguson*, 303 Ga. App. at 343 (1); *see also State v. White*, 282 Ga. 859, 861 (2) (a) (655 SE2d 575) (2008); *State v. Reid*, 298 Ga. App. 235, 238 (2) (a) (679 SE2d 802) (2009).

[16] *See Ruffin v. State*, 284 Ga. 52, 56 (2) (b) (i) (663 SE2d 189) (2008) ("The length of the pretrial delay in absolute terms plays a role in the threshold determination of presumptive prejudice. However, it also wears another hat as one of the four interrelated criteria that must be weighed in the balance at the second stage of the *Barker-Doggett* analysis.").

[17] *Williams v. State*, 282 Ga. 561, 563 (4) (651 SE2d 674) (2007) (quoting *Doggett*, 505 U. S. at 652 n.1 (II)) (punctuation omitted).

[18] *Mize v. State*, 209 Ga. App. 15, 18 (3) (432 SE2d 621) (1993) (citation and punctuation omitted).

[19] *Sanders v. State*, 132 Ga. App. 580, 583 (2) (208 SE2d 597) (1974).

*for the delay.* The State concedes that the cause of the delay in bringing Weems to trial rests solely upon its shoulders, but in doing so notes that the delay was not purposeful. Specifically, the State points to an overcrowded docket and budget constraints as the reason for the delay in bringing Weems to trial. And while "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government,"[20] there is no evidence that the State intended to hamper Weems's defense with delay, nor does Weems argue that the delay was caused by anything more than an overcrowded docket. Because there is no evidence that the State deliberately tried to hamper Weems's defense with delaying his trial, the State's negligence in not bringing the case to trial sooner is considered "relatively benign."[21] Thus, the trial court did not abuse its discretion in weighing this factor lightly against the State.

(c) *Whether, in due course, the defendant asserted the right to a speedy trial.* Weems argues that the trial court erred in weighing the timing of his assertion of his constitutional right to a speedy trial—*i.e.*, the morning of his trial's calendar call—heavily against him. We disagree.

Given that a defendant may benefit by delaying his trial, "this Court has recognized that a defendant has a responsibility to assert his [or her] right to a speedy trial."[22] Thus, while a defendant can assert his or her right to a speedy trial at any time before trial, this does not mean the trial court cannot and should not consider the timing of the defendant's assertion of that right in weighing the factors of the *Barker-Doggett* test.[23] In fact, "a . . . failure to assert his [or her right to a speedy trial] in a timely manner can be weighed heavily against him [or her] as part of the *Barker* analysis."[24] Furthermore, the court can weigh this factor more heavily against a defendant if he or she obtained counsel shortly after being arrested.[25]

Here, Weems—who has had the benefit of counsel since shortly

---

[20] *Ingram v. State*, 280 Ga. App. 467, 469 (1) (b) (634 SE2d 430) (2006) (punctuation and footnote omitted).

[21] *See Ferguson*, 303 Ga. App. at 344 (2) (b); *see also West*, 295 Ga. App. at 17-18 (b) (2) (noting that "although unintentional delay caused by overcrowded dockets, confusion, or the State's negligence is still a negative that is weighed against the State, it is considered relatively benign and weighed more lightly than deliberate action by the State to harm the defense" (citations and punctuation omitted)).

[22] *Hester v. State*, 268 Ga. App. 94, 98 (3) (601 SE2d 456) (2004) (citation and punctuation omitted).

[23] *See Nusser v. State*, 275 Ga. App. 896, 898 (622 SE2d 105) (2005).

[24] *Id.* (citation omitted).

[25] *See Moore v. State*, 294 Ga. App. 570, 573 (1) (c) (669 SE2d 498) (2008). *Compare Hester*, 268 Ga. App. at 98-99 (3) (holding that the defendant's untimely assertion of her right could not be weighed *heavily* against her due to the delay in the appointment of her counsel).

after his arrest—did not file a statutory demand for speedy trial pursuant to OCGA § 17-7-170 and did not assert his constitutional right to a speedy trial until 38 months after his arrest, waiting to do so on the day of his trial's calendar call. Weems's failure to assert this right in a timely manner can certainly be weighed heavily against him,[26] and the trial court's decision to do so does not amount to an abuse of discretion.

(d) *Whether the defendant suffered prejudice as a result of the delay.* Evaluating the final *Barker-Doggett* factor, "we consider three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired."[27] The trial court found in favor of the State with regard to all three of these interests. But on appeal, Weems focuses only on the second interest, arguing that the trial court failed to consider or properly weigh the anxiety and concern he suffered as a result of the delay.

When addressing the interest of minimizing the anxiety and concern of the defendant, a court must remember that anxiety and concern "[are] always present to some extent, and thus absent some unusual showing [are] not likely to be determinative in defendant's favor."[28] Here, Weems presented some evidence of his alleged anxiety and concern, and he argues that the trial court did not sufficiently take this evidence into account when weighing the fourth factor of the *Barker-Doggett* test.

Specifically, Weems contends that he has suffered anxiety based on the condition of his bond that no children, including his grandchildren, were allowed to come to his home and visit without supervision. However, Weems presented no specific evidence as to how his inability to have unsupervised visits with his grandchildren, or any other children for that matter, caused him significant anxiety.[29]

Next, Weems asserts that the police confiscated several personal

---

[26] *See Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001) (holding that because appellant "did not raise his constitutional right to a speedy trial for the 51 months between his arrest and the filing of his motion to dismiss, in which he finally asserted the right," the delay in asserting his right must be weighed against him).

[27] *Ferguson*, 303 Ga. App. at 345 (2) (d) (citation and punctuation omitted).

[28] *Boseman*, 263 Ga. at 733 (1) (d) (citation and punctuation omitted); *see also Disharoon*, 288 Ga. App. at 5 (1) (d); *Christian v. State*, 281 Ga. 474, 477 (2) (640 SE2d 21) (2007).

[29] *See Disharoon*, 288 Ga. App. at 5-6 (1) (d) (holding that defendant failed to show significant anxiety based on bond condition that prohibited unsupervised contact with anyone under the age of 16). *Compare State v. Pickett*, 288 Ga. 674, 678 (4) (c) (706 SE2d 561) (2011) (holding that it was within the trial court's discretion to find that defendant's bond condition requiring *no* contact with his children after a five and a half year delay was sufficiently prejudicial).

items, including a phone and a few computers, causing him anxiety and concern; but there is no evidence in the record demonstrating that Weems contacted anyone other than his own counsel about retrieving those items.

Weems further argues that he suffered anxiety and concern because he was required to call his bonding company once a week and his agreement with that company prevented him from leaving Georgia. However, these restrictions were not the result of his court-issued bond order, but were instead restrictions placed upon him by his agreement with a private bail bonding company.[30] Additionally, we have previously held that a criminal defendant's inability to leave the State due to a bond condition is not sufficient to demonstrate the level of anxiety and concern necessary to constitute a violation of a defendant's speedy trial rights because such restrictions are not unusual for a defendant pending trial.[31] Given Weems's failure to present evidence of any extraordinary circumstances, we find no abuse of discretion by the trial court here.

Additionally, Weems asserts that he has been unable to find steady work due to the pending charges and bond restrictions. But contrary to his claim, the record shows Weems has been employed by his brother during the relevant time period and that he has not applied for work elsewhere. And even if Weems had been unable to find steady work, there was no evidence demonstrating that his alleged employment struggle was unusual for someone in his circumstance.[32]

Weems also argues that members of his family had to put up three separate homes as collateral for his bond and have faced hardship because they have been unable to refinance or sell their homes during this case. But Weems failed to proffer any evidence that there has been any attempt to sell or refinance these homes, which was thwarted because of his bond.

Finally, Weems claims that the police visited his home on a monthly basis and that he has suffered public ridicule due to the nature of the pending child molestation charges, all of which has caused him great embarrassment. While Weems likely has suffered from public ridicule and embarrassment, he has not demonstrated that this is unusual for someone facing such charges. Furthermore,

---

[30] See Disharoon, 288 Ga. App. at 5-6 (1) (d) (holding that a defendant's bond conditions in a related but separate case in another county could not be weighed against the State because the trial court in which the defendant filed his plea in bar could not be held responsible for anxiety over which it had no control).

[31] See Watkins v. State, 267 Ga. App. 684, 686 (d) (600 SE2d 747) (2004).

[32] See Watkins, 267 Ga. App. at 686 (d) (holding that a loss of job opportunities due to a pending case is a general burden "always present to some extent" that is insufficient to establish an unusual showing of anxiety).

Weems was already a registered sex offender prior to the State's filing of the charges in this case. And "[t]his court has recognized that arrest is a public act that may seriously interfere with the defendant's liberty[.]"[33] While "such general burdens are always present to some extent, they fall short of establishing some unusual showing that would balance this factor significantly, if at all, in [Weems's] favor."[34]

In sum, based on our review of Weems's claims, we hold that the trial court did not abuse its discretion in finding that he failed to present evidence of any significant anxiety or concern beyond that normally felt by someone facing criminal charges. Furthermore, the fact that Weems never filed a speedy trial demand "suggests that he was not suffering anxiety or stress from the delay."[35] Consequently, the trial court did not abuse its discretion in not weighing this factor against the State.

(e) *Balancing the factors*. While we in no way condone the State's delay in bringing Weems's case to trial, Weems's late assertion of his constitutional right to a speedy trial "weighs heavily against him as does his failure to show prejudice in light of such delay."[36] Thus, after reviewing the trial court's application of the *Barker-Doggett* analysis, we conclude that the trial court did not abuse its discretion in finding that Weems's constitutional right to a speedy trial was not violated and in denying his plea in bar and motion to dismiss the indictment. Accordingly, for all of the foregoing reasons, we affirm the trial court's ruling.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 6, 2011.

*Ashleigh B. Merchant*, for appellant.
*Fred A. Lane, Jr., Eric K. Dunaway*, for appellee.

---

[33] *Watkins*, 267 Ga. App. at 686 (d) (citations and punctuation omitted).

[34] *Id.* (citations and punctuation omitted).

[35] *Disharoon*, 288 Ga. App. at 5 (1) (d) (citation and punctuation omitted); *see also Mesaros v. State*, 283 Ga. App. 337, 339 (641 SE2d 559) (2007).

[36] *Ferguson*, 303 Ga. App. at 346 (2) (e) (citation and punctuation omitted).