**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 1, 2016**

# In the Court of Appeals of Georgia

A16A0952. WEST v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for sexual battery, Willie C. West, Jr., argues that the evidence was insufficient and that the trial court erred when it denied his motion for new trial asserting a violation of his constitutional right to a speedy trial. We find the evidence for his conviction sufficient, but we also conclude that the trial court failed to consider some of the factors critical to West's constitutional speedy trial claim. We therefore vacate and remand for further proceedings consistent with this opinion.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation

omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted and emphasis omitted).

Thus viewed in favor of the trial court's judgment, the record shows that on September 5, 2009, the nine-year-old victim was playing in the yard of a friend's house and was bent over petting West's dog when West rubbed her "front bottom private area" over her clothing for "a few seconds." West, who is the friend's step-grandfather, told the victim to wear a dress when she visited on the next day. The victim immediately reported the touching to her mother, who notified the police and identified West. The victim repeated her account of the attack to a child advocate, who testified as to the circumstances and content of her interview of the victim at trial. During an interview by an investigator, West did not deny touching the child, but explained that he was trying to prevent her from being bitten by his dog.

West, who had been out on parole from a 1973 murder conviction for more than ten years, was arrested on September 17, 2009. That same day, West requested an appointed attorney. A preliminary hearing and a bond hearing were held, and bond

2

was initially granted in the amount of $20,000. On October 29, 2009, West was charged with child molestation. On November 5, 2009, West went before the parole board, which revoked his parole. West thus spent the rest of the period from November 2009 to his June 2013 trial in confinement.

On November 20, 2009, a public defender filed a motion for discovery on West's behalf. More than a year later, on December 29, 2010, West filed a pro se speedy trial demand, citing OCGA § 17-7-170, Georgia's speedy trial statute. Nothing was filed in the case between December 2010 and January 6, 2011, when the trial court issued an order that West be transported to court for his arraignment, which took place on February 11, 2011. A status conference was held on March 25. Although he was originally scheduled to go to trial on April 26, 2011, West began complaining to the public defender's office in early April 2011 about the quality of the representation he was receiving, alleging that he had heard nothing from the public defender's office before his arraignment and that the attorney representing him at that time was "totally unprepared."

West made further complaints to the trial court about his representation in the course of the spring and summer of 2011, and filed a bar complaint against his attorney in August 2012. Between February 2011 and June 2013, trial was scheduled

seven times. The State asked for a continuance on only one of these occasions, in December 2011, because the victim's forensic interviewer, whom the State characterized as a "necessary witness," was unavailable. At the conclusion of the trial held in June 2013, a jury found West guilty of sexual battery, he was convicted and sentenced to five years without credit for time served. In an amended motion for new trial, West's counsel asserted that his constitutional right to a speedy trial had been violated. At the hearing on West's motion for new trial, West testified that his parole from a 1973 murder conviction was revoked as a result of his arrest for sexual battery; that his assigned attorney "was not representing [him] as [he] wanted to be represented"; that he had wanted to hire a private attorney but could not do so because he was indigent; and that he had filed a bar complaint against his attorney in August 2012. At the same hearing, the prosecutor testified that West had asked for and was granted continuances "six or seven" times because he was dissatisfied with his representation.

In October 2015, the trial court denied West's motion for new trial, finding that his constitutional speedy-trial right was not violated because (1) part of the delay was attributable to West, "who repeatedly requested a continuance, ostensibly for the purpose of hiring new counsel, which [he] failed to do"; (2) West "failed to

4

adequately assert his right" in that he filed his statutory speedy trial demand pro se while he was represented by counsel, with the result that the pro se demand "had no legal effect"; and (3) West had failed to show that his defense at trial was prejudiced by the delay.

1. Although West contests the sufficiency of the evidence against him, it is axiomatic that the testimony of a child victim of sexual battery is alone sufficient to authorize a guilty verdict. See *Lee v. State*, 306 Ga. App. 144, 145 (1) (701 SE2d 582) (2010). It follows that the evidence outlined above, including the testimony of the victim at trial, was sufficient to sustain West's conviction for sexual battery. See OCGA § 16-6-22.1 (a), (b) (defining sexual battery as "intentionally mak[ing] physical contact with the intimate parts of the body of another person without the consent of that person"); *Watson v. State*, 297 Ga. 718, 721 (2) (777 SE2d 677) (2015) (noting that sexual battery "does not necessarily involve sexual conduct"); *Jackson*, supra.

2. West also argues that the trial court abused its discretion when it denied his plea in bar based on an alleged violation of his constitutional right to a speedy trial.

"The United States and Georgia Constitutions both guarantee a criminal defendant the right to a speedy trial[.]" *Weems v. State*, 310 Ga. App. 590, 590-591

5

(714 SE2d 119) (2011). "[T]hese rights attach at the time of arrest or when formal charges are brought, whichever is earlier." Id. (punctuation and footnote omitted). We examine West's constitutional speedy-trial claim under the four-part analysis established in *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972), and clarified in *Doggett v. United States*, 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992).

In the first stage of the *Barker-Doggett* analysis, "the court must determine whether the pretrial delay is sufficiently long to be considered presumptively prejudicial." *Ferguson v. State*, 303 Ga. App. 341, 342 (693 SE2d 578) (2010) (citation and punctuation omitted). "The pretrial delay is measured from the arrest of the accused or initial formal accusation brought against the accused to the beginning of the trial." *Weems*, 310 Ga. App. at 592 (1) (footnote omitted). "As a delay approaches one year, it generally is presumptively prejudicial." Id. (footnote omitted). "[I]f the trial court finds that the delay has passed the point of presumptive prejudice, it must then engage in the second stage" of the analysis, in which it considers "(i) whether the delay before trial was uncommonly long, (ii) whether the government or the criminal defendant is more to blame for that delay, (iii) whether, in due course, the defendant asserted the right to a speedy trial, and (iv) whether he or she suffered

6

prejudice as the delay's result." Id. (citation and punctuation omitted). "Absent an abuse of discretion, we must affirm the trial court's balancing and weighing of the four *Barker* factors." *State v. Thompson*, 334 Ga. App. 692, 693 (780 SE2d 67) (2015) (citation and punctuation omitted).

> However, where the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished. In addition, the trial court's order must provide sufficient findings of fact and conclusions of law to permit this Court to determine if the trial court properly exercised its discretion under the *Barker* analysis.

*State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (citations and punctuation omitted).

(a) *Whether Delay was Presumptively Prejudicial.* "The pretrial delay is measured from the arrest of the accused or initial formal accusation brought against the accused to the beginning of the trial." *Weems*, 310 Ga. App. at 591 (footnote omitted). West's trial was delayed three years and nine months, or 45 months, from the date of his arrest in September 2009 to the trial held in June 2013. Although the trial court made no finding of presumptive prejudice, the 45-month delay in this case was sufficient to raise a presumption of prejudice such that the trial court was

required to engage in the second part of the *Barker-Doggett* test, "with the length of the delay also factored into [its] consideration of prejudice." *Bass v. State*, 275 Ga. App. 259, 260 (1) (620 SE2d 184) (2005), citing *State v. Johnson*, 274 Ga. 511, 512 (1) (555 SE2d 710) (2001).

(b) *The Balancing Test:* (i) *Whether the Delay Was Uncommonly Long.*

"A trial court's order must provide sufficient findings of fact and conclusions of law to permit this Court to determine if the trial court properly exercised its discretion under the *Barker* analysis." *Porter*, 288 Ga. at 526, citing *Higgenbottom v. State*, 288 Ga. 429, 430 (704 SE2d 786) (2011).

> When addressing the first factor of the *Barker-Doggett* test, the length of delay plays a different role than in the first stage of this analysis and is not given the same degree of weight. Rather, the length of delay is considered in balance with the three other factors.

*Weems*, 310 Ga. App. at 592 (2) (a) (footnote omitted). This trial court made no findings as to the length of the delay suffered by West or whether that delay was uncommonly long in relation to the other three *Barker-Doggett* factors. Even where a trial court properly finds that a delay is sufficiently long to trigger a second-part *Barker-Doggett* analysis, it errs when it "fail[s] to accurately determine the [specific] length of the delay" and when it fail[s] to weigh the length of that delay in [its

8

*Barker-Doggett*] analysis." *Hayes v. State*, 298 Ga. App. 338 (680 SE2d 182) (2009) (citations, punctuation and footnotes omitted).

(ii) *Responsibility for the Delay*. As our Supreme Court has noted, "the reason for the delay is pivotal in evaluating the strength of a constitutional speedy trial claim, as it can color the consideration of all other factors." *Ruffin v. State*, 284 Ga. 52, 59 (2) (b) (ii) (663 SE2d 189) (2008).

The trial court found that "part of the delay" was attributable to West in that he "repeatedly requested a continuance, ostensibly for the purpose of hiring new counsel, which [he] failed to do." The trial court failed to consider, however, the specific extent to which any portion of the entire 45-month delay was attributable to West or the State.[1]

_____

[1] The State's single motion for continuance, for example, was explained by its need for a particular witness. Such a motion by the State "will rarely, if ever, support a [defendant's] speedy trial claim." *Hayes*, 298 Ga. App. at 342 (2) (b). Further, and although West's complaints about his counsel began in April 2011 and continued through 2012, the United States Supreme Court has held that even when a criminal defendant "repeatedly and adamantly demand[s] to be tried," "assigned counsel's failure to move the case forward does not warrant attribution of delay to the State." *Vermont v. Brillon*, 556 U. S. 81, 89 (I), 92 (III) (A) (129 SCt 1283) (2009) (punctuation omitted). West's assigned counsel's inaction was therefore not chargeable as delay to the State. See *Weis v. State*, 287 Ga. 46, 49-54 (1) (b) (694 SE2d 350) (2010) (attributing responsibility for delay to a defendant who refused to work with a public defender and attempted to proceed with hired counsel whom he could not pay).

(iii) *Timely Assertion of the Speedy Trial Right.* Although "the filing of a speedy trial demand is not a prerequisite for a plea in bar for failure to have a speedy trial on constitutional grounds[,] a defendant who fails to assert the right to a speedy trial at any point in the trial court will have an extremely difficult time establishing a violation of this constitutional right." See *Ditman v. State*, 301 Ga. App. 187, 193 (2) (c) (687 SE2d 155) (2009) (citation and punctuation omitted). Such a failure on the part of a defendant who later files a plea in bar is attributed "strong evidentiary weight." *Marshall v. State*, 286 Ga. 446, 447 (1) (c) (689 SE2d 283 (2010) (citation and punctuation omitted).

West did not assert his constitutional speedy trial right at any time before or during trial, and the trial court found that West had "failed to adequately assert his right to a speedy trial." The trial court also held, correctly, that West's pro se demand had "no effect" because he was represented by counsel at the time the demand was made. See *Ditman*, 301 Ga. App. at 194 (2) (c) ("a pro se demand for a speedy trial filed while a criminal defendant is represented by counsel [is] of no legal effect whatsoever") (citation, punctuation and footnote omitted); *Ware v. State*, 267 Ga. 510, 511 (2) (480 SE2d 599) (1997); *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001) (where a defendant filed "no statutory demand for speedy trial pursuant

10

to OCGA § 17-7-171 and did not raise his constitutional right to a speedy trial for the 51 months between his arrest and the filing of his motion to dismiss," the delay in asserting the right "must be weighted against" him); *Simmons v. State*, 304 Ga. App. 39, 43 (2) (c) (696 SE2d 75) (2010) (13-month delay in asserting the right was properly weighed against a defendant). The trial court did not err when it concluded that this factor should weigh heavily against West.

(iv) *Prejudice*. "The prejudice created by the delay is the fourth and final factor in our analysis, in which we consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." *Bass*, 275 Ga. App. at 261 (4) (citation and punctuation omitted); see also *Hughes v. State*, 228 Ga. 593, 596 (1) (d) (187 SE2d 135) (1972) ("To sustain [a defendant's] contention that there was a violation of his constitutional right to a speedy trial, not only must delay be shown, but that such delay was purposeful, oppressive, or prejudicial") (citations and punctuation omitted). "[I]n determining whether a pre-trial delay gives rise to a presumption of actual prejudice, *the trial court must examine the delay relative to all other factors, including the complexity of the case and the evidence existing on the date the State initiated the prosecution*." *Hayes*, 298 Ga. App. at 348 (2) (d)

(emphasis supplied), citing *Barker*, 407 U. S. at 531 (IV) ("the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge") (citation omitted).

Although the trial court held that West had suffered no prejudice as a result of the delay because West's time in confinement was due to a parole hold for a prior murder conviction and because West failed to demonstrate that his trial defense was in any way prejudiced, there is no indication in the trial court's order that it considered either the complexity or simplicity of the case against West from the time he was indicted until trial. See *Hayes*, 298 Ga. App. at 349-350 (in light of a 54-month delay, the "relatively uncomplicated nature" of the charges against the defendant, "the fact that the government's investigation was complete at the time of [the defendant's] original indictment, and the fact that the delay resulted from the State's deliberate conduct," the reasons for the delay weighed heavily against the State).

In sum, the trial court failed to make sufficient findings of fact on parts (i), (ii) and (iv) of the second part of the *Barker-Doggett* analysis — that is, the legal effect of the 45-month delay in this case, the responsibility of the parties for that delay, and the prejudice suffered by West as a result of that delay (taking into account the

12

relative complexity of the case against him). We therefore vacate the judgment and remand the case with direction that the court make sufficiently detailed findings of fact on these issues and then perform a discretionary balancing of all four *Barker-Doggett* factors. See, e.g., *Porter*, 288 Ga. at 527 (2) (c) (2) (vacating and remanding for reconsideration when trial court's order did not discuss how more than seven years of an eight-year delay "should be attributed to or weighed against the State or [the defendant]").

*Judgment vacated and case remanded with direction. Ellington, P. J., and Mercier, J., concur.*