A08A2442. WEST v. THE STATE.
(670 SE2d 833)

ELLINGTON, Judge.

Jamel West, who stands accused in the Superior Court of Fulton County of trafficking in cocaine and other offenses, appeals from the order denying his motion to dismiss the indictment due to the State's delay in bringing the case to trial.[1] West contends that the State failed to persuasively rebut the presumption of prejudice that arose from the 30-month delay between his arrest and his motion to dismiss. Because the trial court did not abuse its discretion in concluding, after balancing the relevant factors, that the State did not violate West's constitutional right to a speedy trial, we affirm.

An alleged denial of the right of an accused under the Sixth Amendment to the United States Constitution to a speedy trial in a

---

[1] Although the order appealed is interlocutory, "pre-trial orders denying a constitutional speedy trial claim are directly appealable." *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002).

criminal prosecution requires a two-stage analysis. *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008), citing *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992). In the first stage of the analysis, the court must determine whether the pretrial delay is sufficiently long to be considered "presumptively prejudicial." (Punctuation and footnote omitted.) *Ruffin v. State*, 284 Ga. at 55 (2). The pretrial delay is measured from "the accused's arrest, indictment, or other formal accusation" to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion. Id.[2] If the delay has passed the point of presumptive prejudice, "the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial." Id.

(A) *Presumptive Prejudice.* The record shows that over 34 months elapsed from the date West was arrested to the date the trial court denied his motion to dismiss the indictment. As the State concedes, such a delay in the prosecution of a case raises a threshold presumption of prejudice.[3] Accordingly, we must proceed to the second stage of the constitutional speedy trial analysis, the four-factor balancing test.

(B) *Barker-Doggett Balancing Test.*

> [T]he four factors that form the core of the constitutional speedy trial balancing test are: [(1)] whether [the] delay before trial was uncommonly long, [(2)] whether the government or the criminal defendant is more to blame for that delay, [(3)] whether, in due course, the defendant asserted the right to a speedy trial, and [(4)] whether he or she suffered prejudice as the delay's result.

---

[2] See also *State v. White*, 282 Ga. 859, 861 (2) (a) (655 SE2d 575) (2008) ("The constitutional right to a speedy trial attaches on the date of the arrest or when formal charges are initiated, whichever first occurs.") (citation omitted).

[3] See *Doggett v. United States*, 505 U. S. at 652, n. 1 (post-accusation delay approaching one year is generally deemed presumptively prejudicial; "as the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry"); *Ruffin v. State*, 284 Ga. at 55 (2) (a) ("For serious crimes such as murder that do not involve unusual complexities – e.g., a decision by the State to seek the death penalty, allegations of a vast interstate conspiracy, or the involvement of a sophisticated crime syndicate – one year generally marks the point at which expected deliberateness in the prosecution of a criminal matter turns into presumptively prejudicial delay.") (footnote omitted); *Scandrett v. State*, 279 Ga. 632, 634 (1) (a) (619 SE2d 603) (2005) ("It may generally be said that any delay of eight months or longer is presumptively prejudicial.") (citation and punctuation omitted).

(Punctuation and footnote omitted.) *Ruffin v. State*, 284 Ga. at 56 (2) (b). None of the *Barker-Doggett* factors is

> either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. The four factors emphasized in *Barker* and *Doggett* do not constitute an exhaustive list; they have no talismanic qualities and must be considered together with such other circumstances as may be relevant given the animating principles behind the speedy trial guarantee. Thus, the second stage of the constitutional speedy trial analysis requires courts to engage in a difficult and sensitive balancing process and necessarily compels them to approach speedy trial cases on an ad hoc basis.

(Punctuation and footnotes omitted.) Id. at 55-56 (2) (b). The appellate court reviews a trial court's grant or denial of a motion to dismiss an indictment on speedy trial grounds for abuse of discretion and defers to the trial court's findings of fact and its weighing of disputed facts. Id. at 65 (3); *State v. White*, 282 Ga. at 861 (2).

(1) *Whether the Delay Before Trial Was Uncommonly Long.* As the State concedes, a 34-month delay in bringing a defendant to trial on drug charges is uncommonly long. The record shows that the trial court properly weighed this factor against the State.

(2) *Whether the Government or the Criminal Defendant Is More to Blame for the Delay.* There is no evidence that the State committed the "most serious abuse" of West's right to a speedy trial, "[a] deliberate attempt to delay the trial in order to hamper the defense." (Citations and punctuation omitted.) *Layman v. State*, 284 Ga. 83, 85 (663 SE2d 169) (2008).[4] Rather, the record shows that the case was placed on several trial calendars before West filed his motion to dismiss, that the State never moved for a continuance, and that the trial court did not reach the case much earlier solely because of the "tremendous" caseload of the courts of Fulton County. Although "unintentional delay caused by overcrowded dockets, confusion, or the State's negligence" is still a negative that is weighed against the State, it "is considered relatively benign and weighed more lightly than deliberate action by the State to harm the defense." (Citations omitted.) *State v. Giddens*, 280 Ga. App. 586, 588 (634 SE2d 526)

---

[4] Deliberate delay to gain an improper advantage over the accused strikes at the very heart of the speedy trial guarantee and is thus weighted heavily against the government in the *Barker-Doggett* balancing process. Delays designed to hamper a defendant's ability to mount a successful defense, to harass the defendant, or to coerce him or her into testifying against a co-defendant or otherwise turning state's evidence all fall into this category.

(Punctuation and footnotes omitted.) *Ruffin v. State*, 284 Ga. at 59 (2) (b) (ii).

(2006).[5] In this case, the trial court did not abuse its discretion in concluding that, while the delay was attributable to the State, this factor weighed only slightly in favor of finding a denial of a speedy trial. Id.

(3) *Whether, in Due Course, the Defendant Asserted the Right to a Speedy Trial.* "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker v. Wingo*, 407 U. S. at 532 (IV). In this case, West never filed a statutory demand for speedy trial pursuant to OCGA § 17-7-170 and only raised his constitutional right to a speedy trial in a motion to dismiss on that basis filed 30 months after indictment. Under these circumstances, the trial court did not err in strongly weighing the third *Barker-Doggett* factor against West. *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).[6]

(4) *Whether the Defendant Suffered Prejudice as a Result of the Delay.* In evaluating the final *Barker-Doggett* factor, "we consider three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." (Citations and punctuation omitted.) *Nelloms v. State*, 274 Ga. at 181. West rejects the idea that he must show "particularized prejudice" in order to prevail on his constitutional speedy trial claim. He concedes that he has not shown oppressive pretrial incarceration, because he has been free on bail, any specific anxiety or concern because of the delay, or anything leading to the conclusion that his ability to present a defense will be impaired. Instead, West's claim of prejudice rests entirely on the premise that, because "the presumption that pretrial delay has prejudiced the accused intensifies over time," the State bore the burden of persuasively rebutting a presumption that he was prejudiced by the extensive pretrial delay, citing *Doggett v. United States*, 505 U. S. 647.[7] West fails, however, to identify a single controlling

---

[5] See *Barker v. Wingo*, 407 U. S. at 527 (III), 531 (IV) (Although negligence or overcrowded courts should be weighted less heavily than a deliberate attempt to delay the trial in order to hamper the defense, these more neutral reasons nevertheless should be considered because "[a] defendant has no duty to bring himself to trial" and "the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.") (footnote omitted); *Ruffin v. State*, 284 Ga. at 61 (2) (b) (ii) (in the *Barker-Doggett* analysis, the relevant inquiry for purposes of the second factor is not whether the *prosecutor* bears more responsibility for the delay than the accused, but whether the *government*, which includes the prosecutor, trial and appellate court judges, and any other state actor involved in the case, is more to blame for the delay than the accused).

[6] See also *State v. Giddens*, 280 Ga. App. at 588 (trial court was not authorized to weigh the assertion of the right to a speedy trial in a defendant's favor where he waited five years to raise either a statutory or a constitutional right to a speedy trial).

[7] In *Doggett v. United States*, the Court determined that the defendant would have faced

decision in which a defendant who demonstrated no specific impairment to his defense from a delay as short as 34 months prevailed on a Sixth Amendment speedy trial claim. To the contrary, the Supreme Court of Georgia recently reiterated that the presumptive prejudice that arises from a significant delay in a defendant's trial "cannot alone carry [a] Sixth Amendment claim without regard to the other *Barker* criteria" and affirmed the denial of a motion to dismiss after a 65-month pretrial delay where there was no demonstrable prejudice to the defense. *Harris v. State*, 284 Ga. 455 (667 SE2d 361) (2008).

After balancing the *Barker-Doggett* factors as applied to the record in this case, we conclude that the trial court did not abuse its discretion in denying West's motion to dismiss the indictment. *Harris v. State*, 284 Ga. at 457.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 26, 2008.

*Kevin R. Brehm*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

trial six years earlier than he did, "but for the Government's inexcusable oversights," and held that, because "the Government's negligence thus cause[d] delay six times as long as that generally sufficient to trigger judicial review, . . . and [because] the presumption of prejudice, albeit unspecified, [was] neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant [was] entitled to relief." (Citation, punctuation and footnotes omitted.) 505 U. S. at 658 (III).