A10A0768. SIMMONS v. THE STATE.
(696 SE2d 75)

DOYLE, Judge.

Antonio Simmons, who stands accused in the Superior Court of Fulton County of armed robbery, aggravated assault, and other offenses, appeals from the denial of his motion for discharge and acquittal due to the State's 22-month delay in bringing the case to trial. Because the trial court did not abuse its discretion in concluding, after balancing the relevant factors, that the State did not violate Simmons's Sixth Amendment right to a speedy trial, we affirm.

The record shows that in October 2007, Simmons was arrested in connection with an investigation of an armed robbery that occurred shortly before his arrest. Based on witnesses' statements and identification, Simmons was indicted in October 2007 for armed robbery,[1] aggravated assault[2] (three counts), false imprisonment[3] (three counts), and possession of a firearm during the commission of a felony.[4] Simmons, through counsel, filed in April 2008 a motion to suppress the witness identification, which motion was denied in June 2008. In November 2008, Simmons himself filed a pro se motion to dismiss the indictment based on a speedy trial violation, though it is not clear from the record whether he was represented by

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-21 (a) (1).

[3] OCGA § 16-5-41 (a).

[4] OCGA § 16-11-106 (b) (1).

counsel at the time.[5] In June 2009, Simmons, through counsel, filed a motion for discharge and acquittal based on a speedy trial violation. In August 2009, the trial court denied that motion, giving rise to this appeal.

> The template for deciding all constitutional speedy trial claims under the Sixth Amendment and the Georgia Constitution is laid out in the 1972 case of *Barker v. Wingo*[6] and the 1992 decision in *Doggett v. United States*[.][7] . . . The analysis has two stages. First, the court must determine whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered "presumptively prejudicial." If not, the speedy trial claim fails at the threshold. If, however, the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.[8]

We now turn to that analysis.

1. "The constitutional right to a speedy trial attaches either at the time of the defendant's arrest or at the time of his indictment, whichever occurs earlier."[9] Here, there was a 22-month delay between Simmons's arrest and the denial of his speedy trial motion, and the State correctly concedes that such a delay is presumptively prejudicial.[10] Accordingly, the *Barker-Doggett* factors must be considered.[11]

2. The four factors that form the core of the balancing test are: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice

---

[5] Simmons filed another pro se speedy trial motion in March 2009, after current counsel made an appearance.

[6] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[7] 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992).

[8] (Punctuation and footnotes omitted.) *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008).

[9] *Hayes v. State*, 298 Ga. App. 338, 339 (1) (680 SE2d 182) (2009).

[10] See *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994) (as the delay approaches one year, it is generally presumptively prejudicial); *Over v. State*, 302 Ga. App. 215, 217 (1) (690 SE2d 507) (2010) (two-year delay presumptively prejudicial); *State v. Bazemore*, 249 Ga. App. 584, 585 (1) (a) (549 SE2d 426) (2001) (21-month delay presumptively prejudicial).

[11] See *Bowling v. State*, 285 Ga. 43, 45 (1) (a) (673 SE2d 194) (2009).

to the defendant.[12]

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.[13]

On appeal, "a trial court's findings of fact and its weighing of disputed facts will be afforded deference,"[14] and the question in this Court is "whether the trial court abused its discretion in ruling that [the defendant's] speedy trial rights were [not] violated."[15]

(a) *Length of delay*.

> It is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis. This is because uncommonly long delays have a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify.[16]

Here, the 22-month delay approaches that which has been held to be "deplorable,"[17] and, at least with respect to the duration, such a delay must be weighed against the State.[18]

(b) *Reasons for the delay*. The trial court found that the reason for delay was not caused by the State, citing the fact that, through no fault of his own, Simmons had been represented by five attorneys. One attorney died during the pendency of Simmons's case, and the trial court found that "[i]t took the Georgia Public Defender Standards Council some time to replace [Simmons's] attorney following the unexpected death of his" counsel.[19]

Nevertheless, while there is no evidence that the delay was

---

[12] *Barker*, 407 U. S. at 530-533 (IV).

[13] Id. at 533 (IV). See *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001).

[14] (Punctuation omitted.) *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008).

[15] (Punctuation omitted.) Id.

[16] (Citation and punctuation omitted.) *Hayes*, 298 Ga. App. at 341 (2) (a).

[17] *Perry v. Mitchell*, 253 Ga. 593, 594 (322 SE2d 273) (1984) (27-month delay).

[18] See *Ruffin*, 284 Ga. at 58, n. 25 (2) (b) (i) (noting harm caused by 26-month delay even to a defendant already incarcerated under a separate lawful sentence).

[19] The record further discloses that Simmons's current appointed counsel has indicated

deliberately caused by the State, the record does not show that Simmons ever moved for a continuance, and at least some delay in replacing Simmons's attorney was attributable to the State. "Any failure of the indigent defense system to represent its clients is directly or indirectly the responsibility of the State and the trial court to oversee the functioning of the criminal justice system."[20] *Barker* cautions that a "neutral reason [for delay] such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant."[21]

> [I]n the *Barker-Doggett* analysis, the "government" includes all state actors, even trial and appellate court judges. The relevant inquiry for purposes of the second factor is not whether the *prosecutor* or the accused bears more responsibility for the delay, but whether the government or the criminal defendant is more to blame for that delay. . . . First, the federal Constitution requires the states to provide conflict-free appointed counsel to indigent criminal defendants. The responsibility for the State's failure to do so . . . in a timely manner cannot be laid at [Simmons's] doorstep.[22]

Therefore, to the extent some delay was caused by the State's difficulty in timely providing constitutionally-required appointed counsel, it weighs against the State, albeit less heavily.[23]

(c) *Assertion of right*. "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is

---

his intention to withdraw from the case due to the alleged unavailability of funds to compensate him for his representation.

[20] (Punctuation omitted.) *Threatt v. State*, 282 Ga. App. 884, 887 (b) (640 SE2d 316) (2006). See generally *Blaylock v. Hopper*, 233 Ga. 504, 505 (1) (212 SE2d 339) (1975) ("*Gideon v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963), established that the right to counsel, guaranteed by the Sixth Amendment and applicable to the states by virtue of the Fourteenth Amendment, includes the right to appointed counsel where the defendant is indigent.").

[21] *Barker*, 407 U. S. at 531 (IV). See also *Lett v. State*, 164 Ga. App. 584, 585 (2) (298 SE2d 541) (1982); *Hall v. State*, 131 Ga. App. 786, 788 (206 SE2d 644) (1974).

[22] (Punctuation and footnote omitted; emphasis supplied.) *Ruffin*, 284 Ga. at 61-62 (2) (b) (ii).

[23] See id. at 60 (2) (b) (ii). *Hester v. State*, 268 Ga. App. 94, 97 (2) (601 SE2d 456) (2004) ("an unintentional delay is a relatively benign but definitely negative factor weighed against the State") (punctuation omitted). Compare *Perry*, 253 Ga. at 595 (weighing delay against defendant where continuances resulted from request of or due to withdrawal of counsel, but noting that "[t]he fact that the defendant's attorneys may not have been diligent in protecting his constitutional right to a speedy trial is no excuse for the failure of the State to intervene and prevent an egregiously-long period of pretrial detention") (punctuation omitted).

entitled to strong evidentiary weight against the defendant."[24] Here, Simmons did not file a statutory demand for a speedy trial, and his failure to otherwise assert his speedy trial right until moving to dismiss the indictment would normally be weighed heavily against him.[25] However, Simmons did file a pro se motion to dismiss the indictment for a speedy trial violation in November 2008, thirteen months after his October 2007 arrest. This motion was apparently not ruled upon, and, in June 2009, his new counsel filed a motion for discharge and acquittal due to a speedy trial violation, which was denied by the trial court in August 2009. Therefore, because Simmons first raised the issue of a speedy trial violation in a motion to dismiss the indictment 13 months after his arrest, we weigh this factor against Simmons, but not as heavily as in cases where a defendant waited several years to assert his speedy trial right for the first time in a motion to dismiss.[26]

(d) *Prejudice to the defendant.* In analyzing this factor, "we must consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired."[27]

With respect to Simmons's pretrial incarceration, the record shows that Simmons was denied bond and held in jail because he had recently been released from a five-year period of incarceration and arrested very early in the remaining five-year probationary period of his ten-year sentence for hijacking and aggravated assault. Under these facts, the decision to hold Simmons in custody prior to trial was not unduly oppressive, and Simmons has not otherwise demonstrated "evidence of sub-standard conditions or other oppressive factors beyond those that necessarily attend imprisonment."[28]

With respect to minimizing anxiety and concern of the defendant, Simmons alleges that he suffers from anxiety and depression, the loss of his employment, and additional grief due to the loss of his mother during his incarceration. However, "[w]hile some of those difficulties are certainly associated with the fact of his arrest and prosecution . . . , [Simmons] has not shown that they were specifically caused by the delay in his prosecution."[29] Anxiety and concern

---

[24] (Citation and punctuation omitted.) *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001).

[25] See *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).

[26] See, e.g., id. (defendant waited more than four years to assert speedy trial right); *Henderson v. State*, 290 Ga. App. 427, 430 (1) (c) (662 SE2d 652) (2008) (defendant waited more than five years to assert speedy trial right).

[27] *Brannen*, 274 Ga. at 456.

[28] (Punctuation omitted.) *Ditman v. State*, 301 Ga. App. 187, 195 (2) (d) (687 SE2d 155) (2009).

[29] *Jackson v. State*, 279 Ga. 449, 453-454 (3) (614 SE2d 781) (2005).

are "always present to some extent, and thus absent some unusual showing [not present here, they are] not likely to be determinative in defendant's favor."[30]

With respect to the impairment to Simmons's defense, this factor is the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."[31] Simmons contends that his defense was impaired by the death of his mother who could have served as a character witness and an alibi witness. However, with respect to his mother's testimony as to Simmons's good character, we find it less than credible that Simmons could summon only one witness willing and capable to testify to his good character. Further, even if Simmons's alleged character witness had testified as he contends, then the State would have been free to introduce, pursuant to OCGA § 24-9-20 (b), Simmons's criminal record documenting his prior commission of violent felonies.[32] This would limit the value of good character testimony from Simmons's mother.

Furthermore, with respect to the alleged alibi testimony, Simmons proffered that his mother was with him "hours prior" to the armed robbery. Such an alibi would be of limited value because it does not address Simmons's whereabouts when the crime occurred. Furthermore, the record contains an admission by Simmons that he sold drugs to the armed robbery victim at the time of the robbery, thereby undermining any alibi testimony that could have been offered by his mother. In light of these facts, the unavailability of Simmons's mother is a limited detriment to his defense.

In summary, the duration and reasons for the delay weigh against the State at least in part, but not heavily. Simmons's assertion of his right to a speedy trial weighs against him, but not heavily. The impairment to Simmons's defense was minimal. Under these circumstances, the trial court did not abuse its discretion in denying Simmons's motion for discharge and acquittal.[33]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 11, 2010.

*Andre M. Johnson*, for appellant.

---

[30] (Punctuation omitted.) *Christian v. State*, 281 Ga. 474, 477 (2) (640 SE2d 21) (2007).

[31] *Barker*, 407 U. S. at 532 (IV).

[32] See *Jones v. State*, 257 Ga. 753, 758 (1) (363 SE2d 529) (1988) ("where the defendant offers testimony of a witness as to his general good reputation in the community, the State may prove the defendant's general bad reputation in the community, and may additionally offer evidence that the defendant has been convicted of prior offenses under the authority of OCGA § 24-9-20 (b)").

[33] *Jackson*, 279 Ga. at 454 (3).

*Paul L. Howard, Jr., District Attorney, Bruce P. Dutcher, David K. Getachew-Smith, Assistant District Attorneys*, for appellee.