## A11A0829. SAYANI v. THE STATE.
### (716 SE2d 629)

DOYLE, Judge.

Shaukat Sayani, who stands accused of aggravated assault and other offenses, appeals from an order denying his motion to dismiss the indictment due to the State's delay in bringing the case to trial. Because the trial court denied the motion based on a legal error, we vacate the judgment and remand the case for the trial court to apply the appropriate test under a correct legal analysis.

The record shows that in November 2006, Sayani allegedly assaulted and threatened Gita Mandel with a knife, held her against her will, and stole her cell phone. On December 26, 2006, Sayani was arrested for the alleged offenses, and the investigation of the crimes concluded in January 2007. In April 2009, the State indicted Sayani, and following the recusal of a trial judge and the reassignment of the case, Sayani waived arraignment in January 2010. Sayani moved to dismiss the indictment in March 2010, and following a hearing, the trial court denied the motion in September 2010.

Under *Barker v. Wingo*[1] and *Doggett v. United States*,[2]

> [a]n alleged denial of the right of an accused under the Sixth Amendment to the United States Constitution to a speedy trial in a criminal prosecution requires a two-stage analysis. In the first stage of the analysis, the court must determine

---

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).
[2] 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992).

whether the pretrial delay is sufficiently long to be considered [no longer ordinary but] "presumptively prejudicial." *The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation[3] to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion.* If the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.[4]

The *Barker-Doggett* test involves a balancing of the following four factors: "(1) whether the delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted the right to a speedy trial, and (4) whether he or she suffered prejudice as the delay's result."[5] We review a trial court's ruling on a motion to dismiss an indictment on speedy trial grounds for an abuse of discretion.[6]

Here, as correctly pointed out by Sayani,[7] the interval between his December 2006 arrest and the September 2010 denial of his motion to dismiss was 45 months. Nevertheless, the trial court focused its analysis on the 30-month interval between the alleged offense and the indictment. Although it is undisputed that either interval would, as a threshold matter, raise a presumption of prejudice sufficient to trigger the *Barker-Doggett* balancing test,[8] the trial court erroneously applied the four factors to the 30-month interval. Because the four-factor test necessarily requires the trial court to carefully balance each factor, we cannot ignore the trial court's legal error or independently determine how the trial court would have exercised its discretion based on a correct application of law.[9] We note that Sayani was not incarcerated during the delay nor

---

[3] See *State v. White*, 282 Ga. 859, 861 (2) (a) (655 SE2d 575) (2008) ("The constitutional right to a speedy trial attaches on the date of the arrest or when formal charges are initiated, whichever first occurs.").

[4] (Citations and punctuation omitted; emphasis supplied.) *West v. State*, 295 Ga. App. 15, 15-16 (670 SE2d 833) (2008).

[5] (Punctuation omitted.) Id. at 16 (B).

[6] See id. at 17 (B).

[7] The State did not file an appellate brief.

[8] See *Ruffin v. State*, 284 Ga. 52, 55 (2) (a) (663 SE2d 189) (2008) (a delay approaching one year is generally deemed to be presumptively prejudicial).

[9] See, e.g., *State v. Pickett*, 288 Ga. 674, 678-679 (2) (d) (706 SE2d 561) (2011) ("the Court of Appeals erred in failing to remand the case to the trial court for it to exercise its discretion

did he point to specific evidence that became unavailable to him. Nevertheless, a defendant is not necessarily required to

> show demonstrable prejudice to prevail on a speedy trial claim. Because of the difficulty of proving specific prejudice due to the passage of time, [as] the United States Supreme Court has explained [in *Doggett*], excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker*[-*Doggett*] criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay.[10]

In light of the trial court's legal error in weighing the *Barker-Doggett* factors, we "remand the case to the trial court for it to exercise its discretion using adequately supported factual findings and the correct legal analysis."[11]

*Judgment vacated and case remanded with direction. Ellington, C. J., and Miller, P. J., concur.*

### DECIDED SEPTEMBER 6, 2011.

*Bruce S. Harvey*, for appellant.

*Robert D. James, Jr., District Attorney, William M. Clark, Assistant District Attorney*, for appellee.

---

using adequately supported factual findings and the correct legal analysis").

[10] Id. at 677 (2) (c) (4).

[11] Id. at 679 (2) (d). See also *State v. Thaxton*, 311 Ga. App. 260 (715 SE2d 480) (2011) (remanding for entry of proper order consistent with the *Barker-Doggett* balancing test).