## A11A0906. CARDER v. THE STATE.
### (717 SE2d 661)

ADAMS, Judge.

Tammy Faye Carder appeals from the denial of her plea in bar urged on the basis that she was denied her constitutional right to a speedy trial. For the reasons that follow, we affirm the trial court's order.

The record and transcript show that the offenses giving rise to the charges against Carder occurred on June 18, 2005, and that Carder was arrested at that time and had retained counsel by July 11, 2005. Over three years later, on August 4, 2008, an indictment was returned against her charging her with two counts of homicide by vehicle, one count of homicide by vehicle in the second degree, two counts of serious injury by motor vehicle, one count of DUI — less safe, and one count of failure to maintain lane.

On September 22, 2008, Carder filed a motion in limine and request for a *Jackson-Denno* hearing; she filed a supplement to that motion on April 6, 2009. The trial court granted the motion in part, excluding evidence of Carder's statements to the arresting officer made at the hospital after the accident and excluding her refusal to take the state-administered blood test, but the court did not exclude a statement she made to hospital personnel regarding the test. *State v. Carder*, 301 Ga. App. 901, 902 (689 SE2d 347) (2009). The State filed a notice of appeal to this Court from that order, Carder timely filed a cross-appeal, and the case was docketed in this Court on June 29, 2009.

On December 11, 2009 this Court issued its opinion affirming in

part and reversing in part the trial court's order, and Carder filed a motion for reconsideration of that opinion on December 18, 2009. We denied her motion on January 11, 2010, and she applied for certiorari to our Supreme Court on January 25, 2010. The Supreme Court denied her petition on June 28, 2010, issued the remittitur to this Court on July 19, 2010, and this Court issued the remittitur to the trial court on July 23, 2010.

Although the notices do not appear in the record, it appears undisputed that the case was then placed on several trial calendars, including one for the week of September 20, 2010. However, on September 15, 2010, Carder filed her plea in bar asserting a violation of her constitutional right to a speedy trial, which the trial court denied on October 11, 2010, and Carder filed the present appeal.

As both our appellate courts have recited on numerous occasions, when considering a motion to dismiss on the grounds that an accused's constitutional speedy trial right has been violated, the court applies the test set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647, 651 (112 SC 2686, 120 LE2d 520) (1992). E.g., *State v. Porter*, 288 Ga. 524, 525 (2) (a) (705 SE2d 636) (2011), and cites; *Weems v. State*, 310 Ga. App. 590 (714 SE2d 119) (2011), and cites. And "[t]he trial court's weighing of each factor and its balancing of all four factors — its ultimate judgment — are reviewed on appeal only for abuse of discretion." *Porter*, 288 Ga. at 526 (2) (a).

1. *Presumptive Prejudice.* The threshold consideration is " 'whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered "presumptively prejudicial." If not, the speedy trial claim fails at the threshold.' *Ruffin* [*v. State*], 284 Ga. [52, 55 (663 SE2d 189) (2008)]." *Porter*, 288 Ga. at 525 (2) (a). In this case, the State conceded both in the trial court and this Court that the over five-year delay from the time Carder was arrested to the denial of her plea in bar[1] was presumptively prejudicial, triggering the balancing test of the second stage of the analysis. *State v. Lattimore*, 287 Ga. 505, 506 (696 SE2d 613) (2010); *State v. Shirley*, 311 Ga. App. 141 (714 SE2d 636) (2011); *Teasley v. State*, 307 Ga. App. 153, 157 (1) (704 SE2d 248) (2010).

2. *The Barker-Doggett Balancing Test.* The four factors the court must consider, and ultimately weigh, in this stage are: (1) whether the delay was uncommonly long, (2) whether the government or the

---

[1] If the accused files a motion to dismiss on constitutional speedy trial grounds, the delay is measured from the earlier of the date the accused is arrested or indicted and the date the trial court denies the motion. *Porter*, 288 Ga. at 525 (2) (a); *West v. State*, 295 Ga. App. 15, 16 (670 SE2d 833) (2008).

accused is more to blame for the delay, (3) whether, in due course, the accused asserted the right, and (4) whether the accused has suffered prejudice as the result of the delay. E.g., *Porter*, 288 Ga. at 525-526 (2) (a); *Teasley*, 307 Ga. App. at 157 (2).

However, it is important to bear in mind that these four factors do not constitute an exhaustive list, have no talismanic qualities and must be considered together with such other circumstances as may be relevant in light of the principles behind the constitutional speedy trial guarantee. Because the second stage of the constitutional speedy trial analysis is context-sensitive and requires courts to engage in a difficult and sensitive balancing process, speedy trial cases must be approached on an ad hoc basis. *Porter*, 288 Ga. at 526 (2) (a); *Ruffin*, 284 Ga. at 56 (b); *Teasley*, 307 Ga. App. at 158-159 (2); *State v. Ivory*, 304 Ga. App. 859, 862 (2) (a) (698 SE2d 340) (2010).

(a) *Whether the delay was uncommonly long.* Although both appellate courts as well as trial courts sometimes overlook this first factor,

> [i]t is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis. This is because uncommonly long delays have a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify.

(Footnote omitted.) *Simmons v. State*, 304 Ga. App. 39, 41 (2) (a) (696 SE2d 75) (2010). *Ruffin*, 284 Ga. at 56-57 (2) (b) (i).

The trial court in this case did consider this factor, and properly found, as the State conceded, that the approximately 38-month delay from the time of Carder's arrest to the time she was indicted was uncommonly long, attributable to the State and must be weighed against it. And although, as will be discussed more thoroughly below in analyzing the reason for the delay, the remainder of the delay was not wholly attributable to the State, given the procedural history of the case and the lengthy initial delay, the trial court properly weighed this factor against the State.

(b) *Reasons for the delay (whether the government or the accused is more to blame for the delay).* As our Supreme Court noted in *Ruffin*, 284 Ga. at 59 (2) (b) (ii):

> Some amount of pretrial delay is unavoidable, and even quite extended intervals between arrest or indictment and trial are sometimes both necessary and reasonable. Conse-

quently, the reason for the delay is pivotal in evaluating the strength of a constitutional speedy trial claim, as it can color the consideration of all other factors. Thus, as the United States Supreme Court put it, "(t)he flag all litigants seek to capture is the second factor, the reason for the delay." [*United States v. Loud Hawk*, 474 U. S. 302, 315 (106 SC 648, 88 LE2d 640) (1986).]

As noted above, the delay here was attributable to several factors, although a large portion of the delay was caused by the State in failing to indict Carder for over three years. The State concedes that for that reason this factor must also be weighed against it, but argues that this factor should not be given heavy weight because the delay was on account of staffing shortages in the district attorney's office. We agree that there is no evidence here that the State deliberately attempted to hamper the defense, harass the accused or otherwise gain an improper advantage, and thus this factor should not be weighed heavily against the State. *Ruffin*, 284 Ga. at 59 (2) (b) (ii); *Ferguson v. State*, 303 Ga. App. 341, 344 (2) (c) (693 SE2d 578) (2010).

Moreover, the remainder of the delay was due to the actions, or inactions, of both parties. Although Carder filed a motion in limine and requested a *Jackson-Denno* hearing on September 22, 2008, she did not amend that motion until April 6, 2009, during which time the trial court noted the case had appeared on numerous trial calendars. After Carder amended her motion, the trial court acted quickly on the motion, ruling partially in her favor.

The State then exercised its right to file a direct appeal to this Court, and this Court issued its opinion on December 11, 2009, reversing a portion of the ruling which had been adverse to the State. *Carder*, 301 Ga. App. at 904-906 (2). Carder moved for reconsideration of our opinion and then filed an unsuccessful application for certiorari to our Supreme Court, which resulted in the remittitur not being returned to the trial court until July 23, 2010, after the Supreme Court had denied the application. Once the case was returned to the trial court, the case quickly appeared on two trial calendars, before Carder filed her plea in bar five days before the trial calendar for the week of September 20, 2010.

Thus, we agree with the trial court that this portion of the delay should not be wholly attributed to the State and that Carder allowed her motion in limine to languish for over six months before she amended it and obtained a ruling from the trial court. But we are cognizant of the fact that this motion was in part successful, as was the State's subsequent appeal. Thus, considering the procedural history here, we find that the trial court properly exercised its

discretion by weighing this factor, but not heavily, against the State.

(c) *Whether the accused asserted the right in due course.* The trial court weighed this factor heavily against Carder, noting that she had been represented by counsel since shortly after she had been arrested, and Carder does not directly challenge that finding, instead arguing that she had not waived her right to file her plea in bar based on constitutional speedy trial grounds by failing to request a speedy trial at an earlier date. While this is true, e.g., *Hester v. State*, 268 Ga. App. 94, 98-99 (3) (601 SE2d 456) (2004), this argument does not address the basis of the trial court's ruling.

In *Ferguson*, 303 Ga. App. at 344 (2) (c), we noted that while requesting a speedy trial is not a prerequisite to a later assertion of a violation of the constitutional right to a speedy trial, it is, nevertheless, a factor to be considered under the *Barker* analysis.

> It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant. . . . A court will weigh this factor heavily against the defendant particularly where the defendant . . . has been represented by counsel since soon after . . . arrest [cit.] and . . . does not raise the speedy trial issue until filing a motion to dismiss just before trial.

(Citation and footnote omitted.) Id. at 344 (2) (c). These are the same circumstances that exist here, and we find that the trial court did not abuse its discretion by weighing this factor heavily against Carder. *Over v. State*, 302 Ga. App. 215, 218 (3) (690 SE2d 507) (2010) ("[t]he accused bears the responsibility for putting the government on notice [that] he does not want a delay, and failure to do so weighs strongly against him"). Compare *Hester*, 268 Ga. App. at 99 (3) (trial court erred in weighing this factor heavily against the accused because this factor was mitigated by the State's failure to indict for three years *and* by further delay in appointing defense counsel).

(d) *Whether the accused suffered prejudice as the result of the delay.* Carder is correct that given the length of the delay, there is a presumption of prejudice in this case. *Porter*, 288 Ga. at 531 (2) (c) (4). However, this presumptive prejudice "may be reduced or even eliminated if the State can show that the defense has not, in fact, been substantially impaired." Id. at 532 (2) (d).

The constitutional right to a speedy trial is designed to protect three interests, and it is those three interests we evaluate in examining the prejudice component: (1) preventing oppressive pre-trial incarceration; (2) minimizing anxiety and concern of the accused; (3) limiting the possibility of the impairment of the defense.

*State v. White*, 282 Ga. 859, 862 (2) (d) (655 SE2d 575) (2008); *Simmons*, 304 Ga. App. at 43 (2) (d).

In this case, there is no claim of oppressive pretrial incarceration. As to the remaining interests, " '[t]o establish prejudice, the defendant must show *actual* anxiety and concern and *specific evidence* of how the delay impaired his ability to defend himself.' (Citations and punctuation omitted; emphasis in original.) *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001)." *Lambert v. State*, 302 Ga. App. 573, 576-577 (4) (692 SE2d 15) (2010).

Carder testified that she had been going to grief counseling since sometime after the accident, that she suffered from post-traumatic stress syndrome, "major, deep depression" and anxiety. She also testified that she had been involuntarily committed to an in-patient treatment facility. However, Carder's testimony demonstrated that this anxiety and concern was caused by the accident giving rise to the charges against her, and did not suggest they were due to the delay in the prosecution of those charges. Indeed when questioned by the prosecutor concerning whether her involuntary commitment was tied to the case being returned to the trial court after the Supreme Court denied certiorari, thus allowing the adverse portion of our opinion to stand, Carder testified that she did not even check her mail, thereby indicating these events were not the reason for her commitment. See *Simmons*, 304 Ga. App. at 43-44 (2) (d). Thus the trial court was within its discretion when it concluded that Carder's anxiety and depression were not caused by the delay.

Turning to the impairment of Carder's defense, this factor is the most serious " 'because the inability of a defendant adequately to prepare [her] case skews the fairness of the entire system.' " (Footnote omitted.) *Simmons*, 304 Ga. App. at 44 (2) (d). As to this issue Carder testified that her fiancé, whom she was with the morning of the accident, had died since the accident and that her father, whom she talked to after the accident, had in the ensuing years developed Alzheimer's disease and thus these witnesses, who could have testified concerning her state of mind and condition before and after the accident, would now be unavailable to her at trial.

But, "[i]f the defendant's argument is that a witness has become unavailable, he 'must show that the unavailable witness[es] could supply material evidence for the defense.' " *Ferguson*, 303 Ga. App. at 345 (2) (d). Carder did not make that showing here. As to her father's testimony, Carder testified that he came to get her at the hospital after the accident, but that he was not with her at the time of the accident. However, she also testified that her mother, who was still in good health at the time of the hearing, was with her father when he came to the hospital and that in addition she had talked to her mother twice that morning. Although it is unclear whether this

testimony would be relevant, since her parents were not with her at the time of the accident, any testimony her father could have provided, even if relevant, would merely have been cumulative of her mother's testimony and thus his absence at trial could not be said to be prejudicial to her defense.

As to her fiancé's testimony, Carder testified that she had last seen him approximately an hour and a half before the accident, but like her parents, he was not with her at the time of the accident. Moreover, as the trial court found, Carder also testified that just prior to the accident, and after she had last seen her fiancé, she went to a Hallmark store, where she was a regular customer and well known by the staff, and was in the store for 45 minutes. Carder further testified that the accident happened just 18 minutes later. Thus, as the trial court concluded, these other available witnesses were possibly in a much better position than her fiancé to testify about her condition just prior to the accident, and could testify on her behalf for the same purpose. Thus, the trial court did not abuse its discretion by finding that no actual prejudice as a result of the delay had been demonstrated in this case.

(e) *Balancing the four factors.* In this case, the first two factors were weighed against the State, although not heavily, while the third factor was heavily weighed against Carder. And no actual prejudice to the defense was demonstrated.

Thus, although we do not condone the State's negligence in failing to bring Carder to trial in a timely fashion, that consideration is outweighed by the facts that Carder suffered little actual prejudice to her defense, suffered no unduly oppressive pretrial incarceration and waited a significant amount of time before asserting her right to a speedy trial. Under these circumstances, the trial court did not abuse its discretion by rejecting Carder's claim that her constitutional speedy trial rights had been violated. *Hassel v. State*, 284 Ga. 861, 863-864 (d) (672 SE2d 627) (2009); *Christian v. State*, 281 Ga. 474, 478 (2) (640 SE2d 21) (2007); *Weems*, 310 Ga. App. at 596 (2) (e); *Ferguson*, 303 Ga. App. at 346 (2) (e).

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED OCTOBER 14, 2011.

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Penny A. Penn, District Attorney, Jennifer L. Scalia, Assistant District Attorney*, for appellee.