**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 15, 2020**

# In the Court of Appeals of Georgia

A20A1380. KISHEL v. THE STATE.

MCFADDEN, Chief Judge.

John Kishel appeals from his child molestation conviction, challenging the trial court's denial of his motion to dismiss based on an alleged constitutional speedy trial violation. The trial court, however, did not abuse its discretion in denying the motion. We therefore affirm the judgment of conviction.

1. *Facts and procedural posture.*

In 2011, Kishel pled guilty in New Jersey to aggravated sexual assault of his minor step-daughter, S. G. Thereafter, S. G. revealed to her mother and others that Kishel had also molested her in 2008 while they were staying at a hotel in Atlanta, Georgia for a cheerleading competition. On March 18, 2014, Kishel was indicted by the Fulton County grand jury on charges of aggravated child molestation and child

molestation arising out of the Atlanta incident. On May 28, 2014, the trial court issued an order placing the case on the court's administrative dead docket, noting that Kishel had not appeared at the scheduled plea and arraignment held the previous day. Kishel, while incarcerated in New Jersey, wrote three letters to the superior court clerk's office, requesting documents and information about his case.

In September 2016, Kishel was extradited from New Jersey, where he had been incarcerated for his guilty plea conviction. The trial court removed the case from its dead docket and scheduled a trial during the week of December 13, 2016. Kishel then moved for a continuance, which the trial court granted, and the trial was continued until January 31, 2017. The day before trial, on January 30, 2017, Kishel file a motion to dismiss the indictment on the ground that his right to a speedy trial under both the federal and state constitutions had been violated. After an evidentiary hearing and arguments of counsel, the trial court denied the motion to dismiss.

The case proceeded to trial before a jury, at which S. G. testified that Kishel had sexually molested her from when she was five years old until she was eleven years old. S. G. described how Kishel had molested her in the Atlanta hotel room when she was nine years old by, among other things, touching her vagina. Kishel testified in his own defense, admitting that he had sexually abused S. G. for several

2

years, describing several instances of his molestation of her, and admitting that he had slept in the same bed with her while in the Atlanta hotel room, but denying that he had molested her at that time.

The jury found Kishel not guilty of aggravated child molestation, but guilty of child molestation for having placed his hands on the victim's vagina. The court sentenced Kishel to serve fifteen years in confinement and five years on probation. Kishel moved for a new trial, arguing that the court had erred in denying his motion to dismiss on constitutional speedy trial grounds. The court denied the motion for a new trial, and this appeal followed.

2. *Barker-Doggett framework.*

"Both the Sixth Amendment of the United States Constitution and the Georgia Constitution provide that a criminal defendant shall have the right to a speedy trial." *State v. Bonawitz*, 339 Ga. App. 299, 300 (1) (793 SE2d 191) (2016) (citations omitted).

> Constitutional speedy trial claims are evaluated under the two-part framework set out in *Barker v. Wingo*, 407 U.S. 514 (92 SCt. 2182, 33 LE2d 101) (1972), and refined in *Doggett v. United States*, 505 U.S. 647 (112 SCt. 2686, 120 LE2d 520) (1992). The first part requires the trial court to determine whether the time between the defendant's arrest or indictment and his trial was long enough to be considered presumptively prejudicial to the defendant. If the presumptive prejudice threshold was

3

crossed, the court proceeds to the second part of the framework, applying a context-focused, four-factor balancing test to determine whether the defendant was denied the right to a speedy trial. The four factors that the court must examine are: (1) the length of the delay; (2) the reasons for it; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. However, these four factors have no talismanic qualities and must be considered together with such other circumstances as may be relevant in light of the animating principles of the speedy trial guarantee.

The *Barker-Doggett* framework necessarily compels courts to approach speedy trial cases on an ad hoc basis, a task better suited to trial courts than appellate courts. We have explained that the trial court's discretion in applying this framework is substantial and broad. We will accept the court's findings of fact unless they are clearly erroneous, and we will defer to the court's ultimate conclusion unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion.

*Johnson v. State*, 300 Ga. 252, 257-258 (3) (794 SE2d 60) (2016) (citations and punctuation omitted). Accord *Burney v. State*, ___ Ga. ___ (4) (845 SE2d 625) (2020). "However, where the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished." *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011) (citation and punctuation omitted).

3. *Presumptive prejudice.*

"The right to a speedy trial attaches at the time of arrest or formal accusation or indictment, whichever occurs first, and the courts measure the delay from the time the right attaches. Such time then runs until the date on which the defendant's trial begins." *Burney*, supra at (4) (a) (citations omitted). Accord *Salahuddin v. State*, 277 Ga. 561, 562 (2) (592 SE2d 410) (2004). Here, the relevant time period does not include any pre-indictment delay and instead consists of the 34 months that elapsed between the indictment on March 18, 2014, and the start of the trial on January 31, 2017. See *Cash v. State*, 307 Ga. 510, 515 (2) (b) (i) (873 SE2d 280) (2019) (pre-indictment delay not considered); *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008) (court determines whether the interval from the indictment to the trial was presumptively prejudicial). The trial court correctly found that this pretrial delay of 34 months was presumptively prejudicial. See *State v. Buckner*, 292 Ga. 390, 393 (2) (738 SE2d 65) (2013) (delay approaching one year is sufficient in most cases to raise a presumption of prejudice); *West v. State*, 295 Ga. App. 15, 17 (A) (670 SE2d 833) (2008) (delay of 34 months was presumptively prejudicial).

4. *Four-factor balancing test.*

"When a delay raises a presumption of prejudice, and a more searching inquiry is warranted, a court must consider [the four factors of the *Barker-Doggett* balancing test]." *Buckner*, supra at 393 (3) (citations omitted).

(a) *Length of the delay.*

The length of the pretrial delay plays a role not only in the threshold determination of presumptive prejudice, but also "as one of the four interrelated criteria that must be weighed in the balance at the second stage of the *Barker-Doggett* analysis." *Ruffin v. State*, supra at 56 (2) (b) (i). An "uncommon length of the pretrial delay thus merits consideration beyond its use as a liminal screening mechanism." Id. at 57 (2) (b) (i). Here, the trial court found that the length of the pretrial delay weighed against the state, but only lightly.

We agree with Kishel that the 34-month delay in this case was uncommonly long and that the trial court should have weighed it more heavily against the state. See *Bonawitz*, supra at 302 (3) (a) ("[O]ur Supreme Court has held that a delay of almost 27 months in a noncapital murder case is unusually long. Likewise, the trial court here recognized that the two-and-a-half-year delay was uncommonly long and thus properly weighed it against the state.") (citation omitted). Indeed, the "pretrial delay in this case [of nearly] three years . . . greatly exceeds the amount of time necessary

6

to establish a presumption of prejudice. Thus, this factor weighs heavily against the [s]tate." *Teasley v. State*, 307 Ga. App. 153, 158 (2) (a) (704 SE2d 248) (2010) (citations and punctuation omitted). See *West*, supra at 17 (B) (1) (delay of 34 months was uncommonly long and trial court properly weighed it against the state).

(b) *Reasons for the delay.*

The trial court found that the primary reasons for the delay were an overcrowded docket and the time-consuming process of transferring a prisoner between two jurisdictions, and weighed this factor relatively benignly against the state. While the trial court erred in its findings as to the reasons for the delay, it did not abuse its discretion in weighing this factor relatively benignly against the state.

> This factor, which examines whether the defendant or the [s]tate bears more responsibility for the delay, is pivotal in evaluating the strength of a constitutional speedy trial claim, as it can color the consideration of all other factors. Deliberate delay intended to hinder the defense must be weighed heavily against the [s]tate, whereas delay occasioned by more neutral causes, such as negligence or overcrowded dockets, weighs less heavily against the [s]tate. On the other hand, delay caused by the defense weighs against the defendant.

*Phan v. State*, 290 Ga. 588, 593 (1) (b) (723 SE2d 876) (2012) (citations and punctuation omitted).

7

The trial court's findings as to the reasons for the delay were clearly erroneous as there was no evidence regarding an overcrowded docket and the only evidence concerning the transfer of Kishel from New Jersey to Georgia indicated that the process took approximately two months. Contrary to the trial court's findings, the record reveals that the primary reason for the delay was the court's placement of the case on its dead docket after Kishel did not appear for the plea and arraignment in May 2014. Kishel contends that the placement of the case on the dead docket amounted to gross negligence by the state since he was incarcerated in New Jersey at the time. But it is unclear from the record why the court took this action and Kishel has cited no evidence showing that the state sought the dead docketing of the case.

At the motion to dismiss hearing, the state's attorney testified that she was first assigned to the case in July 2016 when it became active again in the trial court; that she then made arrangements for Kishel to be transported to Georgia; that she requested for the case be put on an arraignment calendar; that the delay had not been intentionally caused by the state; and that the state gained no advantage from the delay. She further testified that she was not present at the 2014 arraignment and did not know if the trial court had been informed that Kishel was in prison in New Jersey at the time the court placed the case on its dead docket.

[T]he responsibility for bringing a defendant promptly to trial rests with the government, which includes all state actors, even trial . . . court judges. The relevant inquiry for purposes of this factor is not whether the prosecutor or the accused bears more responsibility for the delay, but whether the government or the criminal defendant is more to blame for that delay.

*Bonawitz*, supra at 303 (3) (b) (citation, punctuation, and emphasis omitted). Moreover, "where no reason appears for a delay, we must treat the delay as caused by the negligence of the [s]tate in bringing the case to trial." *Ruffin*, supra at 61 (2) (b) (ii) (citations and punctuation omitted).

Here, given the court's placement of the case on its dead docket, it is apparent that the government is more to blame than Kishel for the delay in bringing the case to trial. Indeed, Kishel contends that he in effect brought himself to trial and we note that the only delay attributable to him was his motion for a continuance of the trial, which resulted in an approximate six-week delay. Otherwise, we find that the government was responsible for the lengthy delay. There was, however, no evidence that the delay was deliberate and intended to hinder the defense. Rather, given the lack of evidence as to why the court placed the case on its dead docket, we find that the delay was attributable to the government's negligence and is thus "weighted as a relatively benign factor against the state." *Jackson v. State*, 272 Ga. 782, 784 (534

9

SE2d 796) (2000) (punctuation omitted). See also *Cash*, supra at 516-517 (2) (b) (ii) (despite clearly erroneous finding by trial court and conflicting evidence as to claim of gross negligence, "no abuse of discretion in the trial court's conclusion that the reason for the delay weighed relatively benignly against the State.").

We note that Kishel has cited *Hayes v. State*, 298 Ga. App. 338 (680 SE2d 182) (2009), in support of his claim that the delay should be weighed heavily against the state. But in *Hayes*, the state admitted that it had intentionally decided to dead docket a case for strategic reasons. Id. at 343 (2) (b). In this case, however, there is no such evidence that the state deliberately delayed bringing Kishel's case to trial for any strategic reason. "Accordingly, the trial court was correct to weigh this factor against the [s]tate, but [not] as heavily as in a case of deliberate delay." *State v. Johnson*, 291 Ga. 863, 866 (2) (b) (734 SE2d 12) (2012).

(c) *Defendant's assertion of his speedy trial right.*

Although the state bears the burden to bring an accused to trial in a timely manner, "the accused bears some responsibility to invoke the speedy trial right and put the government on notice that he or she, unlike so many other criminal defendants, would prefer to be tried as soon as possible." *Ruffin*, supra at 62 (2) (b) (iii). "The relevant question for purposes of [this] speedy trial factor is whether the

10

accused has asserted the right to a speedy trial in due course. This factor requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." *Phan*, supra at 595 (1) (c) (citations and punctuation omitted). Kishel, who had already moved for and been granted a continuance of the case, did not assert his right to a speedy trial until the eve of trial when he filed his motion to dismiss. "The trial court did not err in finding this eve-of-trial request untimely, and it properly weighed this factor against [Kishel]." *Sosniak v. State*, 292 Ga. 35, 42 (3) (734 SE2d 362) (2012).

(d) *Prejudice to the defendant.*

"The types of prejudice associated with an unreasonable delay before trial include oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." *Porter*, supra at 529 (2) (c) (4) (citation and punctuation omitted). "Of these forms of prejudice, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *State v. Pickett*, 288 Ga. 674, 677 (2) (c) (4) (706 SE2d 561) (2011) (citation and punctuation omitted).

11

In this case, Kishel has made no claims or showings regarding oppressive pretrial incarceration or anxiety and concern. Rather, he claims that his defense was prejudiced because he was unable to locate other adults who stayed in neighboring hotel rooms to testify that they heard no unusual noises and that Kishel's hotel room door had been open in order to socialize. "In order to establish prejudice however, [Kishel] must present specific evidence showing that the unavailable witness could supply material evidence for the defense." *Wofford v. State*, 329 Ga. App. 195, 206 (5) (c) (764 SE2d 437) (2014) (citation and punctuation omitted). Kishel has not presented any such specific evidence or shown how the purported testimony would have been material since the victim made no claim of unusual noises or that she was molested while the door was open. Instead, he has made only conclusory statements about unidentified witnesses. See *Lambert v. State*, 302 Ga. App. 573, 577 (4) (692 SE2d 15) (2010) (to demonstrate an impaired defense, the defendant must present more than vague or conclusory statements). Kishel has thus failed to show that he was prejudiced by the delay.

5. *Balancing the factors.*

While two of the *Barker-Doggett* factors weigh against the state, the lack of prejudice and Kishel's eve-of-trial assertion of his speedy trial right weigh heavily

12

against him. "Under these circumstances, we cannot say that the trial court abused its discretion in denying [the] motion to dismiss." *Lambert*, supra at 578 (5).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur*.